[Civ. No. 12911.   Second Dist., Div. Three.   Apr. 2, 1942.]

In re JOHN L. LASKER for Establishment of Birth.

Albert G. Bergman for Appellant.

J. H. O'Connor, County Counsel, and Douglas DeCoster, Deputy County Counsel, as Amici Curiae, on behalf of Respondent.

SHINN, J.—This is an appeal by John L. Lasker from an order denying his petition filed under sections 10600 to 10607, inclusive, of the Health and Safety Code for the judicial establishment of the fact of his birth.

We have been furnished with a clerk's transcript which contains a petition for order establishing birth, notice of hearing of the petition, affidavits of publication and service,

and two minute orders, one showing that the matter came on for hearing, that John L. Lasker was sworn and testified and that the matter was submitted, and the other entry showing that the petition was denied. There also appears in the clerk's transcript what purports to be a deposition of one Mary Lesko, taken in the State of Pennsylvania pursuant to a commission issued in said proceeding.

Section 10605 of the Health and Safety Code provides as follows: "If, upon the hearing, the allegations of the petition are established to the satisfaction of the court, the court may make an order determining that the birth, death, or marriage did in fact occur at the time and place shown by the proofs adduced at the hearing."

The evidence given at the hearing has not been brought up by bill of exceptions, reporter's transcript or otherwise, as required by rule XXIX of the Rules for the Supreme Court and District Courts of Appeal. Without the evidence before us we cannot know whether it was such that the court was or should have been satisfied as to the truth of the allegations of the petition and therefore must assume, under rules of law as controlling as they are familiar, that the evidence given in support of the petition was insufficient to support the allegations thereof or to justify an order establishing the fact of petitioner's birth. (2 Cal. Jur., sec. 262, secs. 499, et seq., and cases cited.)

Incorporated in the brief of amicus curiae we find an opinion of the trial judge, expressing the view that the applicable sections of the Health and Safety Code are unconstitutional, and we are asked to assume that the petition was denied for that reason alone. The opinion is not a part of the record (*Ferguson* v. *Green* (1929), 99 Cal. App. 641, 645 [278 Pac. 1058] ; *Estate of Ingram* (1929), 99 Cal. App. 660, 662 [279 Pac. 208] ; *Rickards* v. *Noonan* (1940), 40 Cal. App. (2d) 266, 271 [104 P. (2d) 839]) and does not present to us a question calling for decision. If we should find ourselves in agreement with the views expressed in the opinion, our affirmance would be supported upon two grounds instead of one, which is unnecessary, and if we should not be able to reach the same conclusion it would still be necessary to affirm the order and our opinion on the constitutional question would therefore be but dictum, without effect as a rule of law. (21 C. J. S. 317.)

Although an opinion of the trial judge is sometimes found

useful as illustrating the theory or basis of the decision (*Union Sugar Co.* v. *Hollister Estate Co.* (1935), 3 Cal. (2d) 740, 750 [47 P. (2d) 273], it cannot, even when incorporated in the transcript, be accepted as establishing any fact in the case. (*Goldner* v. *Spencer* (1912), 163 Cal. 317, 320 [125 Pac. 347]; *Estate of Felton* (1917), 176 Cal. 663, 667 [169 Pac. 392].) The opinion in question is not even in the certified transcript and if it were it would be subject to a motion to strike it out (*White* v. *Merrill* (1889), 82 Cal. 14, 15 [22 Pac. 1129]; *Estate of Ingram, supra* (1929), 99 Cal. App. 660, 662) and whether or not stricken could not take the place of a record of the evidence adduced at the hearing. Since it is the duty of appellate courts to decide cases upon the records before them, there is no justification for the adoption of loose practices which would make for uncertainty or inadequacy in records on appeal. Consequently we cannot assume, as appellant requests us to do, that the trial judge would have granted the petition had he deemed the law to be valid.

The order appealed from is affirmed.

Schauer, P. J., and Wood (Parker), J., concurred.