[Civ. No. 5016.   Fourth Dist.   Dec. 7, 1954.]

ROBERT NEMEC et al., Respondents, v. HAL G. POLLEY et al., Appellants.

Harry L. Blodgett for Appellants.

Harwood, Heffernan & Soden for Respondents.

MUSSELL, J.—This is an action for damages to the "Barbara," a boat owned by plaintiff Robert Nemec, and to a pier and float owned by plaintiff copartnership occasioned when the "Balboa," a boat owned by the defendant Newport Bay Investment Company and operated by defendant Hal G. Polley ran into and collided with the Barbara, then moored at the said pier and float on the south shore of Balboa Island, Newport Bay, Orange County.

The cause was tried by the court without a jury and judgment was rendered in favor of the individual plaintiff Robert Nemec in the sum of $3,058.21, in favor of the partnership Nemec Combustion Engineers in the sum of $335.32, and in favor of Robert Nemec and the partnership for their costs. Following the entry of the judgment, Newport Bay Investment Company and Hal G. Polley moved to set aside said judgment on the ground of mistake and asked leave to amend their answer. Said defendants appeal from the judgment and the order denying their motion.

The collision occurred on July 24, 1951, at about 4:30 p. m. The Balboa, a passenger-carrying motor boat, 50 feet long, 10 feet wide, and weighing 11 tons, was proceeding westerly in the center of the channel between the south shore of Balboa Island and boats moored offshore, when it struck the moored Barbara and the float.

There is a conflict in the testimony relative to the cause of the collision. Defendant Hal G. Polley, who was operating the Balboa, testified that when approaching the Barbara, which was tied to the pier, he noticed a sailboat, the "Falcon," sailing in a northwesterly direction toward Balboa Island; that he reduced the speed of his boat and permitted the Falcon to sail across his bow; that the Falcon sailed across to the shoreline, came about and sailed about in a westerly direction; that she had cleared the bow of the Balboa again with ample space when she turned downwind and headed directly toward the bow of the Balboa; that he reduced the speed of his engine, turned the wheel hard over to the right in order to give the sailboat as much clearance as possible; that be-

fore the Balboa had completely lost way, it collided with the Barbara, tied to the pier.

Defendant Nancy Davis, who was operating the Falcon, testified that she and her sister, with her sister's friend, Sarah, were sailing across the channel in a northwesterly direction; that she first saw the Balboa when she was about in the middle of the bay; that the wind was coming from the west; that she proceeded toward the buoys and the sailboats which were anchored off Balboa Island; that when she reached the north side of the pier and anchored boats, the Balboa was approximately 50 feet to the east; that if she had kept going in the same direction, the Falcon would have collided with the Balboa; that she came about and went back in the general direction she came from (south); that she was headed out in the channel and just about passed the buoys when the Balboa turned slowly into the Barbara and collided with it; that when she came about, the operator of the Balboa had plenty of distance and time to continue his course and not strike the Barbara; that the Falcon did not at any time cross the bow of the Balboa; that the reason the Balboa went to the right and hit the Barbara was because Polley was looking at her and was not looking where he was going.

Sally Ann Davis testified that at the time the Falcon came about it was over 50 feet from the Balboa; that defendant Polley was not looking where he was going; that the Balboa "kept on going and did not reverse or slow down, it just smashed into the side of the Barbara."

Gary Shaumberg, a 15-year-old boy who witnessed the accident, testified that the Falcon was coming across the bay in a northwesterly direction, across the course of the Balboa a safe distance ahead, came about, did not catch the wind as it should have, got off late and finally caught the wind; that the sailboat got a little to the left of the Balboa and that the Balboa had to turn into the Barbara to avoid hitting the Falcon.

The trial court found that appellant Polley was negligent and that the defendant Nancy Davis was not negligent, and appellants first argue that these findings are not supported by the evidence.

The general rule is well established that on appeal an appellate court will view the evidence in the light most favorable to the respondent; will not weigh the evidence; will indulge all intendments and reasonable inferences which favor sustaining the findings of the trier of fact; and will not dis-

turb the findings of the trier of fact if there is substantial evidence in support thereof. (*Berniker* v. *Berniker*, 30 Cal.2d 439, 444 [182 P.2d 557].) Here, the trial court evidently believed the testimony of the Davis sisters to the effect that the Falcon did not cross the bow of the Balboa; that defendant Polley was not looking where he was going; and that when the Falcon came about, Polley had plenty of time and distance to continue his course and avoid striking the Barbara. This and other evidence furnishes substantial support for the criticized findings.

It is next contended that the trial court erred in ruling that section 282 of the Harbors and Navigation Code of the State of California gave the right of way to the sailboat under the circumstances herein and further erred in disregarding section 240 of said Harbors and Navigation Code, thereby failing to apply federal law right of way to these circumstances. Apparently this contention is based on statements made by the trial court at the conclusion of the trial. However, as was said in *Herman* v. *Glasscock*, 68 Cal.App.2d 98, 102 [155 P.2d 912]:

"The reasoning of the judge in announcing his decision is not such part of the record as may be used for the purpose of establishing a fact in the case when findings are filed. (*Union Sugar Co.* v. *Hollister Estate Co.*, 3 Cal.2d 740 [47 P.2d 273]; *In re Lasker*, 51 Cal.App.2d 120, 122 [124 P.2d 72]; *Goldner* v. *Spencer*, 163 Cal. 317, 320 [125 P. 347]; *Estate of Felton*, 176 Cal. 663 [169 P. 392]."

Statements made by the trial court cannot be used to impeach the findings where, as here, there is substantial evidence to support them. (*Redsted* v. *Weiss*, 73 Cal.App.2d 889, 891 [167 P.2d 735].) The trial court, in effect, stated the rule that is set forth in section 282 of the Harbors and Navigation Code, as follows:

". . . Steam vessels shall be regarded as vessels navigating with a fair wind, and shall give way to sailing vessels on a wind of either tack."

Section 205, volume 33, United States Code Annotated, provides:

"Steam and sailing vessels meeting. Art. 20. When a steam vessel and a sailing vessel are proceeding in such directions as to involve risk of collision, the steam vessel shall keep out of the way of the sailing vessel."

Section 240 of the Harbors and Navigation Code provides:

"Applicability of provisions to navigable waters of United

States. The provisions of this Division, in so far as they are not in conflict with the admiralty and maritime jurisdiction and laws of the United States, apply to navigation on the navigable waters of the United States, as well as to navigation on the navigable waters of this state."

The statement made by the trial court shows that he considered these sections in determining whether the Falcon or the Balboa had the right of way.

Appellants argue that the trial court failed to consider and apply the "special circumstance" rule set forth in 33 United States Code Annotated, section 212, which provides:

"In obeying and construing these rules due regard shall be had to all dangers of navigation and collision, and to any special circumstances which may render a departure from the above rules necessary in order to avoid immediate danger"; and that if the trial court had consulted federal law on right of way, it would have decided that the Falcon sailboat was guilty of negligence in insisting upon its right of way given under section 282 of the Harbors and Navigation Code after the danger of collision with the Balboa had become so manifest as to show there was no proper choice of judgment other than of departing from the rules. However, in the instant case there is substantial evidence to support an inference and finding that the Falcon did in fact yield the right of way; that it did not cross the course of the Balboa; that the accident was caused by the failure of defendant Polley to observe where he was going and that if he had continued on this course, the accident would not have occurred.

Appellants next argue that the court erred in not apportioning the negligence between the Falcon sailboat and the Balboa as provided in section 292 of the Harbors and Navigation Code. This argument is not tenable. The trial court found that the operator of the Balboa was negligent and that the operator of the sailboat was not negligent. Under section 292 of the Harbors and Navigation Code the entire loss was properly assessed against the Balboa since the negligence of the operator of that boat was found to have caused the accident and that finding is supported by the record.

It is further contended by appellants that the evidence does not support the finding that the individual plaintiff, Robert Nemec, was the owner of the Barbara. The record shows that Robert Nemec purchased this boat and that it was registered in his name; that he paid for it with his personal check but that the boat was used in the partnership business and that

"there were adjustments made on the books and it was credited." At the conclusion of the trial when the question of the ownership of this boat was considered by the court, counsel for appellants made.the following statement: "If our clients are going to be stuck with this judgment, I don't think it makes much difference to us whether it is a partnership or not." Counsel was not raising the question of ownership in the trial court and his remarks indicated a waiver of the objection. Questions waived in the trial court will not be considered on appeal. (*MacKenzie* v. *Angle*, 82 Cal.App. 2d 254, 263 [186 P.2d 30] ; *Nanny* v. *Ruby Lighting Corp.*, 108 Cal.App.2d 856, 859 [239 P.2d 885].) Under the circumstances presented by the record, it does not appear that appellants were prejudiced by the finding made.

Finally it is argued that the trial court erred in denying appellants' motion to set aside said judgment on the ground of mistake, thereby denying appellant Newport Bay Investment Company the right to limit its liability under federal law. This motion recites "That there was mistake on the part of these defendants, and the belief of the attorneys for these defendants was that these defendants had the legal right, under the law of the United States of America, to have their liability, if any, limited to the value of the vessel, Balboa, after the same was determined in this action." The record shows that the original complaint was filed against the appellants on September 12, 1951, and that the trial of the case was had on June 9 and 10, 1953. Appellants submitted themselves to the jurisdiction of the trial court and after a trial on the merits, made the motion involved. ▮ The motion for relief under section 473 of the Code of Civil Procedure is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse of discretion, the determination of the trial court will not be disturbed on appeal. (*Vartanian* v. *Croll*, 117 Cal.App.2d 639, 644 [256 P.2d 1022].) And as was said in *Security Truck Line* v. *City of Monterey*, 117 Cal.App.2d 441, 445 [256 P.2d 366, 257 P.2d 755] :

"Ignorance of the law, at least where coupled with negligence in failing to look it up, will not justify a trial court in granting relief (*Shearman* v. *Jorgensen*, 106 Cal. 483 [39 P. 863] ; *Penryn Land Co.* v. *Akahori*, 37 Cal.App. 14 [173 P. 612] ; and such facts will certainly sustain a finding denying relief." (Citing cases.)

We find no clear abuse of discretion in the denial of appellants' motion.

Judgment and order affirmed.

Barnard, P. J., and Griffin, J., concurred.