[L. A. No. 23739. In Bank. Mar. 2, 1956.]

JOHN H. EDGAR, Respondent, v. DAN S. HITCH, Appellant.

Donald D. Roff for Appellant.

Conron, Heard & James and Calvin H. Conron for Respondent.

SHENK, J.—The defendant Hitch appeals from a judgment awarding the plaintiff $660 as the unpaid balance of the purchase price of hay he sold to the defendant.

On March 19, 1952, the defendant asked the price of a stack of hay which the plaintiff had offered for sale. The plaintiff testified that he specified "$42.50" per ton, while the defendant testified that the plaintiff named "$32.50." One of the plaintiff's witnesses testified that before the defendant met the plaintiff he had been informed that the plaintiff was asking $42.50 for his hay. There is evidence that in March, 1952, the market price of hay of the quality that the plaintiff sold was $42.50 or more, as well as evidence that it was $32.50 or less.

In a subsequent telephone conversation in which price was not mentioned the defendant agreed to buy and the plaintiff agreed to sell the hay. On March 22, 1952, while the second loads of hay were being stacked on trucks, the defendant gave the plaintiff a check for the first loads of hay at $32.50 per ton. The plaintiff then asserted that the agreed price was $42.50 per ton and an argument ensued. The plaintiff testified that he permitted the defendant to take the second loads of hay but stated to him that he was not "loading it for $32.50." The defendant testified that the plaintiff agreed to let him take the second loads for $32.50 per ton. The defendant's agent gave the plaintiff a second check computed at $32.50 per ton in payment for the second loads; on the second check was the notation "Pd. in full for all Hay Bought From John Edgar @ 32.50 Ton." The plaintiff kept the two checks and on April 15, 1952, before the checks were cashed, the plaintiff's attorney wrote the defendant that notwithstanding the notation on the second check there was an additional sum of $660 due the plaintiff on the transaction and that legal action would be taken if this sum was not paid within five days. On April 26, 1952, the plaintiff brought this action in the municipal court. The defendant filed a cross-complaint alleging damages in the

sum of $5,000 and the cause was transferred to the superior court for trial. On May 24, 1952, the plaintiff cashed the checks pursuant to the advice of his attorney.

A jury was waived and the matter was tried and submitted. After the court filed a minute order for judgment for plaintiff but before the judgment was entered, the defendant was permitted by stipulation to file an amended answer setting up the defense of accord and satisfaction. The trial court subsequently made the following findings, among others:

(1) "It is true that . . . Defendants purchased from Plaintiffs 66 tons of Alfalfa hay at the agreed and reasonable price of $42.50 per ton, no part of which has been paid except the sum of $2,150.04, leaving a balance due Plaintiff in the amount of $660.00."

(2) "That the admissions and denials contained in the Answer and Amended Answer of the Defendant contrary to the findings hereinabove made are untrue."

(3) "It is not true that . . . Defendant . . . agreed to buy and Plaintiff . . . agreed to sell 500 tons of rain-damaged alfalfa hay at the price of $32.50 per ton."

From the foregoing findings the trial court concluded that the plaintiff was entitled to $660 from the defendant and awarded him a judgment for that amount.

On the appeal the defendant contends that the evidence so conclusively established the validity of his defense of accord and satisfaction that the judgment in favor of the plaintiff was erroneous as a matter of law.

In this state it is established that where there is a bona fide dispute as to a claim and a check is tendered in settlement thereof which gives the creditor notice that it must be accepted in full discharge of the claim or not at all, retention and cashing of the check constitute an accord and satisfaction. It is immaterial that the creditor protests against accepting the check in full payment, for the law permits him only to reject completely or to accept in accordance with the condition. (*Grayhill Drilling Co.* v. *Superior Oil Co.*, 39 Cal.2d 751 [249 P.2d 21]; *Potter* v. *Pacific Coast Lbr. Co.*, 37 Cal.2d 592 [234 P.2d 16].) Were it not for two items of testimony in the record, it would be clear that a valid defense of accord and satisfaction was established as a matter of law.

The plaintiff contends that from testimony in the record (1) that before the defendant met the plaintiff he had been informed that the plaintiff was asking $42.50 for his hay,

and (2) that the market price of the hay was at least $42.50, the trial court could properly find that the defendant's insistence on a price of $32.50 was not the result of a genuine misunderstanding or a failure of honest minds to meet but was merely an attempt to ''get away with'' paying less than he originally agreed to pay. Hence the plaintiff argues that a ground exists on which the trial court could properly find that the defendant had not proved his defense of accord and satisfaction. (See *Kelly* v. *David D. Bohannon Organization,* 119 Cal.App.2d 787 [260 P.2d 646].)

Even if the record be viewed as showing substantial evidence of bad faith (*cf. Wilcox* v. *West,* 45 Cal.App.2d 267, at page 273 [114 P.2d 39]), before the judgment may be affirmed it must appear that the trial court held for the plaintiff because the defendant failed to prove that the accord and satisfaction was the result of a bona fide dispute.

Section 632 of the Code of Civil Procedure required the trial court to make findings on the material issues in the case, and the findings must be examined to determine whether the judgment was based on the defendant's bad faith. The defendant is entitled to a finding on the validity of his defense of accord and satisfaction. (See *Shaw* v. *Wandesforde,* 53 Cal. 300; *Bertone* v. *City & County of San Francisco,* 111 Cal.App.2d 579 [245 P.2d 29]; *San Jose Abstract & Title Ins. Co.* v. *Elliott,* 108 Cal.App.2d 793 [240 P.2d 41]; *Wilcox* v. *West, supra.*) In the absence of such a finding, sufficient support for the judgment for plaintiff cannot be ascertained. Therefore, under the circumstances here presented a failure to make a finding on the defense of accord and satisfaction of a bona fide dispute would constitute prejudicial error. (See *Fairchild* v. *Raines,* 24 Cal.2d 818 [151 P.2d 260]; *James* v. *Haley,* 212 Cal. 142 [297 P. 920]; *Shenson* v. *Shenson,* 124 Cal.App.2d 747 [269 P.2d 170, 270 P.2d 896]; *Hicks* v. *Barnes,* 109 Cal.App.2d 859 [241 P.2d 648].)

The court did not *expressly* find that the defendant's claim was made in bad faith; for that matter, it did not even make an express finding rejecting the defendant's plea of accord and satisfaction for any reason. In essence, the court expressly found only that there was originally a contract for $42.50 and not one for $32.50. Therefore, the judgment must be reversed unless from the express findings it is possible to imply a finding that the defense of a subsequent accord and satisfaction was unmeritorious because

no bona fide dispute was proved. (*Rossini* v. *St. Paul Fire & Marine Ins. Co.*, 182 Cal. 415 [188 P. 564]; *People* v. *Ocean Shore R., Inc.*, 22 Cal.App.2d 657 [72 P.2d 167]; 4 Cal.Jur.2d 447.)

Such a finding cannot reasonably be implied. The record indicates that the trial court did not even pass on the defense of accord and satisfaction, much less reject it solely because the defendant's claim was not bona fide. Instead it appears that the judgment for plaintiff was based on the incorrect premise that so long as the contract price was in fact $42.50 per ton, the plaintiff was legally entitled to the $660 whether or not he cashed a check given in settlement of a bona fide dispute.

The judgment is reversed.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.