[Civ. No. 6200.   Fourth Dist.   Aug. 22, 1960.]

WILL H. PERRY et al., Appellants, v. GRACE OAKES JACOBSEN et al., Respondents.

44

Lawrence M. Cahill for Appellants.

Henry R. Taecker, Jr., John R. Sorbo and Kaminar, Sorbo & Andreen for Respondents.

COUGHLIN, J.—In an action to establish a trust in real property the trial court entered judgment in favor of the defendants and against the plaintiffs. From this judgment the plaintiffs appeal, contending that the court failed to find upon material issues.

Plaintiffs claim that Grover Jacobsen, now deceased, by written agreement, promised to loan the plaintiff, Will H. Perry approximately $15,000 for the purpose of acquiring certain real estate, known as the "Fletcher property," in the "name" of Perry; that said agreement further provided that upon purchase of the property, Jacobsen would notify Perry of the exact amount advanced and upon demand a deed of trust would be given by Perry to secure repayment of the purchase price advanced; that, pursuant to this agreement, Jacobsen advanced $15,000 for the purchase of said property, making payment direct to the owners thereof, but took title in his own name; that, thereafter, Jacobsen demanded the execution of a deed of trust and note in the sum of $15,000 in

accord with said agreement; that subsequently Jacobsen orally agreed that this $15,000 obligation, along with others due him by Perry, should be paid in full by the conveyance to him of certain real estate owned by the plaintiffs known as the "Fairchilds property"; that such conveyance was effected, together with a lease and option by Jacobsen to the plaintiffs permitting repurchase of the Fairchilds property for $60,000; that this option price was increased to $135,000 by a later agreement; that, upon the death of Jacobsen, all of the property in question was distributed to defendant Grace Oakes Jacobsen, as trustee under his will; that the aforesaid option was exercised by plaintiffs who paid said defendant $135,000 and received from her a grant of the Fairchilds property; and that the defendant trustee, who claims the Fletcher property as owner thereof, holds title thereto as trustee for the plaintiffs.

The plaintiffs' amended complaint sets forth their claim; alleges the foregoing facts, together with many evidentiary matters; includes the individual defendants as beneficiaries under the trust created by Jacobsen's will; and asks that the defendants be required to convey the Fletcher property to plaintiffs.

The defendants filed an answer placing in issue the material allegations of the amended complaint and filed a cross-complaint seeking to quiet title to the property in them.

The evidence indicates that Mr. Jacobsen and Mr. Perry had been associated in a business venture involving property known as "LaCosta Acres," in connection with which Jacobsen had loaned Perry $125,000. On February 22, 1947, Jacobsen wrote a letter to Perry, which is the original writing relied upon by the plaintiffs as a basis for their claim, in which Jacobsen said:

"It is my understanding that in addition to the loan heretofore made to you and which is secured by trust deed, that I will make additional advances in your behalf in acquiring additional properties to your name, . . .

"It is my understanding that for such sums advanced that you will secure me with additional trust deeds in the principal sums advanced on the LaCosta Acres and properties acquired.

"It is my understanding that my commitment at this time consists of . . . approximately $15,000.00 for acquisition of the Fletcher property . . . I will submit to you for approval the acquisitions represented by the approximate sum of $15,000.00 last referred to.

"It is my understanding that said trust deed or deeds will

be made to me upon demand, but only for such sums that have therebefore been paid to you or under your instructions.

"    .    .    .    .    .    .    .    .    .    .

"If the above is in accordance with your understanding, please approve the original of this memorandum and return to me."

Perry approved the memorandum in writing as requested and returned it to Jacobsen. On March 5, 1948, Jacobsen acquired the Fletcher property by grant deed transferring title to himself and not to Perry. On September 8, 1948, Jacobsen wrote Perry stating:

"I hereby demand that Trust Deed and Note be executed in accordance with memorandum agreement dated February 22, 1947.

"The total amount due as of September 10, 1948, is as follows:

| | |
|---|---:|
| Total received by Frank Shallue | $15,257.00 |
| Paid Mrs. Perry for Metcalf Taxes | 454.08 |
| Pay't to you—Metcalf advances | 3,000.00 |
| Acquisition Fletcher property | 15,000.00 |
| Interest to September 10, 1948 | 2,053.68 |
| TOTAL | $35,764.76 |

". . . I hereby demand that the above mentioned Trust Deed and Note be executed immediately."

Perry did not execute the deed of trust and note as requested. Thereafter, according to Perry, Jacobsen agreed to accept a conveyance of certain real property in lieu of the note and trust deed in question. The date of this agreement is uncertain. In the amended complaint it is alleged that such agreement occurred on or about February 1, 1949. In his testimony Perry indicates that the agreement occurred on or about January 4, 1950. The evidence shows that on January 25, 1949, the plaintiffs transferred to Jacobsen certain of their real estate holdings in Modoc County, known as the "Fairchilds property," and that, contemporaneously, a lease and option to buy was executed by Jacobsen which authorized the repurchase of this property by the Perrys for $60,000, of which $40,000 represented certain obligations owing Jacobsen by Perry and the remaining $20,000 was a bonus. Subsequently, on January 4, 1950, a supplemental lease and option to buy was executed which raised the purchase price from $60,000 to $135,000. According to Perry this sum represented

the $60,000 figure in the first option plus other obligations, including the $15,000 "Fletcher" advance and an additional $5,000 bonus.

After Jacobsen's death the $135,000 option was exercised; the Perrys paid Mrs. Jacobsen that sum, partly in cash and partly in notes; and received a reconveyance of the Fairchilds property.

Although the plaintiffs claim that the $15,000 Fletcher advance was included in the $135,000 option price for repurchase of the Fairchilds property, there is substantial evidence in the record which would support a conclusion that the $135,000 figure did not include the $15,000 advance, and that the latter sum never has been paid.

The court found that Jacobsen purchased the Fletcher property on March 5, 1948, in his own name, with his own funds; that prior thereto, Jacobsen made a "commitment" to Perry "concerning the acquisition of certain property in Will H. Perry's name"; that this "commitment" required Perry to perform "certain acts" which he failed and refused to perform; that plaintiffs did not pay "Grover C. Jacobsen" any sum whatsoever on the purchase of the Fletcher property and made no demand upon him for conveyance of any interest in that property; that Jacobsen "did not enter into any contract with plaintiffs for the conveyance or transfer of any interest in said 'Fletcher property' "; and that cross-complainants "have all of the right, title and interest" in said property "as against cross-defendants." Upon these findings judgment was entered in favor of the defendants and cross-complainants.

The plaintiffs contend that the judgment should be reversed because the court failed to find upon all of the material issues presented by the pleadings.

The amended complaint expressly alleged the execution of a written agreement between Jacobsen and Perry whereby Jacobsen promised to make a loan of money to Perry for the purpose of acquiring property in the name of Perry; which provided that Jacobsen's commitment at that time consisted of approximately $15,000 for acquisition of the Fletcher property; and further provided that after the purchase of said property Perry would execute a deed of trust to secure repayment of the purchase price advanced by Jacobsen. Also alleged was the acquisition of said property pursuant to said agreement; the demand by Jacobsen for a note and deed of trust for $15,000; and an executed oral agreement to accept a conveyance of the Fairchilds property together with an

option to repurchase the same for $135,000 in lieu of the execution of said note and deed of trust. The denial of these allegations by the defendants' answer raised material issues which are not settled by the aforesaid findings.

The finding that Jacobsen purchased this property "with his own funds" is consistent with the allegation of the amended complaint that these funds were advanced pursuant to the agreement therein alleged. The finding that Jacobsen purchased the property "in his own name" is in accord with plaintiffs' contention that he violated his agreement. The finding that Jacobsen made a "commitment" to Perry concerning the acquisition of property in Perry's name, although ambiguous, seems to confirm the existence of the alleged agreement set forth in the amended complaint. The finding that this "commitment" required Perry to perform "certain acts," which performance was demanded of him by Jacobsen but refused by Perry, is ambiguous in referring to "certain acts" and, although in accord with the evidence that Perry was to execute a note and deed of trust to secure payment of the money advanced for the purchase of the property and failed to do so after demand therefor by Jacobsen, is not a finding on the issue raised by the allegation that Jacobsen accepted a conveyance of the Fletcher property with an option to repurchase in lieu of such note and deed of trust.

The finding that Perry did not pay Jacobsen any sums whatsoever on the purchase of the Fairchilds property, at any time, is not directed to the issue of performance raised by the plaintiffs, as the plaintiffs contend that they conveyed to and Jacobsen accepted the Fairchilds property in lieu of the execution of a note and trust deed. Neither does this finding meet the equitable issues involved, as the plaintiffs contend that they paid the defendant Mrs. Jacobsen, as trustee, $135,000 which, they claim, included the $15,000 obligation in question. A finding that no sums were paid to Mr. Jacobsen, obviously is not a finding of nonpayment to the trustee under his will.

The finding that Jacobsen did not enter into any contract with plaintiffs for the conveyance or transfer of any interest in the Fletcher property does not meet the issues presented by plaintiffs' basic contention. They do not claim that Jacobsen promised to convey or transfer an interest in that property to them. They claim that Jacobsen agreed to advance money to buy that property in the name of Will H. Perry; that the property was purchased with money so advanced; and that

acquiring title in the name of Jacobsen instead of in the name of Perry was a violation of their agreement.

Finally, the alleged finding that the cross-complainants have all of the right, title and interest in the Fletcher property as against the cross-defendants, as related to the issues presented by the pleadings in this case, constitutes a conclusion of law and is not a finding of fact.

It is the settled "rule that findings are required on all material issues raised by the pleadings and evidence, unless they are waived, and if the court renders judgment without making findings on all material issues, the case must be reversed." (*James* v. *Haley,* 212 Cal. 142, 147 [297 P. 920]; *Edgar* v. *Hitch,* 46 Cal.2d 309, 312 [294 P.2d 3]; *Estate of Ingram,* 99 Cal.App. 660, 662 [279 P. 208].) A corollary to this rule is that findings should be definite and certain. (*Sharove* v. *Middleman,* 146 Cal.App.2d 199, 201 [303 P.2d 900]; *Chatfield* v. *Continental Bldg. etc. Assn.,* 6 Cal.App. 665, 669 [92 P. 1040].) The findings in this case do not conform to these rules.

In support of the judgment, the defendants rely on a limitation upon the aforesaid general rules, that if there is "one clear, sustained and sufficient finding upon which the judgment may rest, every presumption being in favor of the judgment, it will be here concluded that the court did rest its judgment on that finding, or those findings, and the others may and will be disregarded." (*Brown* v. *Schroeder,* 88 Cal. App. 192, 201 [263 P. 325].) However, there is no such finding in the case at bar.

Further, the defendants contend that the court disbelieved the defendant Will H. Perry because of glaring inconsistencies in his testimony; determined that the $15,000 obligation was not a part of the $135,000 option price; and intended to find that the plaintiffs did not pay or furnish any consideration whatsoever for the acquisition of the property which they now claim. However, the court did not make such a finding. Had it done so, the judgment would have been proper because, even assuming the existence of an agreement to loan as alleged, equity would not impress a trust upon the subject property if the claimants under that agreement had failed to make any payment therefor, either in the manner originally agreed upon or pursuant to the in-lieu provisions allegedly accepted.

In support of their contention defendants refer to the oral decision of the trial court in their favor, given on October 27, 1958, which was in the nature of an opinion and directed find-

ings and judgment to be prepared accordingly. Three months later, written findings of fact, apparently prepared by the attorneys for defendants, were signed and filed. ▮ The final and controlling decision of the trial court is that contained in the written findings of fact required by law. An oral decision of the trial judge may not be substituted for such written findings; may not impeach or modify those findings; and may not add to them. (*Strudthoff* v. *Yates,* 28 Cal.2d 602, 615 [170 P.2d 873]; *Scholle* v. *Finnell,* 173 Cal. 372, 376 [159 P. 1179]; *Goldner* v. *Spencer,* 163 Cal. 317, 320 [125 P. 347]; *Offer* v. *McMillan,* 101 Cal.App.2d 840, 841 [226 P.2d 380]; *Estate of Ingram,* 99 Cal.App. 660, 662 [279 P. 208].)

▮ The judgment in this case must be reversed because of the inadequacy of the findings of fact. The record does not indicate that any purpose would be served in ordering a new trial. Under such circumstances, it is proper to remand the case with directions to the trial court to make adequate findings, based on the evidence now before it; draw proper conclusions of law therefrom; and enter judgment accordingly. (*Cal-Dak Co.* v. *Sav-On-Drugs, Inc.,* 40 Cal.2d 492, 497 [254 P.2d 497]; *Stallings* v. *Foster,* 119 Cal.App.2d 614, 620 [259 P.2d 1006].)

The judgment is reversed with instructions to the trial court to set aside the findings of fact, conclusions of law and judgment heretofore made and thereupon to make and file findings of fact on all of the material issues presented by the pleadings based upon the evidence now before it; to draw proper conclusions of law therefrom; and to enter judgment accordingly. Such findings of fact, conclusions of law and judgment shall be prepared, signed, filed and entered in accordance with the procedure prescribed by law.

Griffin, P. J., and Shepard, J., concurred.