[Civ. No. 6735.   Fourth Dist.   Oct. 11, 1962.]

MAX KEROFF, Plaintiff and Respondent, v. BEN SNYDER, Defendant and Appellant.

Adams & Tom and Richard E. Adams for Defendant and Appellant.

Gostin & Katz and Louis S. Katz for Plaintiff and Respondent.

COUGHLIN, J.—These appeals arise out of an action to declare a partnership dissolved; to effect an accounting therein; and to partition real property. The dissolution had been accomplished by a written agreement executed prior to commencement of the action; the partition issues were settled thereafter; and the accounting was the sole remaining matter requiring court action. Although several defendants were joined in the action, the partnership and accounting phases thereof involve only the defendant, Ben Snyder, the appellant herein.

On February 15, 1961, the court entered a judgment, based on findings of fact and conclusions of law made by a referee appointed by it pursuant to stipulation of the parties, which declared the partnership dissolved and stated an accounting between them. The plaintiff, who is the respondent herein, moved for a new trial, based on several grounds, including insufficiency of the evidence. This motion was heard on April 11, 1961. At the time of this hearing, the parties, their counsel, and the court, the honorable Dean Sherry presiding, preliminarily engaged in an off-the-record discussion. Thereafter, as appears from the augmented record before us, the court granted a new trial because of the insufficiency of the evidence; counsel for defendant were permitted to withdraw as attorneys in the case; at his request he undertook to represent himself; and thereupon the trial judge, undoubtedly having in mind the preliminary unreported discussion heretofore noted, referred to a stipulation and engaged in a further discussion with the parties and the plaintiff's attorney as follows:

"THE COURT: It is now stipulated that the plaintiff has given his attorney full authority to make a settlement agreement here; and that when that agreement is made for the settlement of this case, there will be no further motion for a new trial, there will be no appeal from the decision of the Court.

"Is that your understanding, Mr. Katz? [Attorney for plaintiff.]

"MR. KATZ: That is my understanding, Your Honor.

"THE COURT: And Mr. Keroff [plaintiff], is that your understanding?

MR. KEROFF: It is.

"THE COURT: And you Mr. Keroff,—you are giving your attorney, Mr. Katz, full authority to make such settlement, is that right?

"MR. KEROFF: Yes, sir.

"THE COURT: And you understand that that is the arrangement,——

"MR. SNYDER [defendant]: Yes, sir.

"THE COURT: ——Mr. Snyder?

"MR. SNYDER: Yes, sir.

"THE COURT: That when the Court has entered a judgment in this case after discussion with you and Mr. Katz, that my decision on all matters that are presented to the Court at this hearing and the judgment itself will be final?

"MR. SNYDER: I so understand.

"THE COURT: And there will be no motion for a new trial and there will be no appeal from that decision?

"MR. SNYDER: I accept.

"THE COURT: Yes. All right.

"Now, gentlemen, I will suggest the matters that we can discuss."

This exchange was followed by a discussion which was not reported. From the amended minute order purporting to reflect the proceedings on the day in question, it appears that this unreported discussion terminated in a decision by the court to render judgment, and a direction to counsel for the plaintiff to prepare the same for signature. On April 17, 1961, a written judgment was signed and filed, the terms of which vary substantially from the judgment originally entered.

Forthwith, the defendant reemployed his counsel, and through them moved the court, the honorable George A. Lazar presiding, to vacate and set aside the second judgment; to reinstate the original judgment; and, in the alternative, to grant a new trial. This motion was denied. Thereupon the defendant appealed from the second judgment and from the order denying the aforesaid motion. No appeal was taken from the order granting a new trial as to the first judgment, and that order has become final.

Heretofore the plaintiff moved this court to dismiss this appeal upon the ground that the defendant had waived his right to appeal. This motion was denied. The waiver

relied upon is that expressed in the course of the discussion following the court's setting aside the original judgment and granting a new trial. A fair and reasonable interpretation of that discussion convinces us that it concerned a judgment upon a "settlement agreement." No such agreement preceded the second judgment. Consequently, there was no waiver of an appeal from the latter.

The record does not indicate what transpired in the course of the unreported discussion between the court, the parties, and counsel for the plaintiff, which preceded the decision to render judgment as reflected in the minutes. The judgment appealed from recites that the parties "stipulated and agreed to have the case tried by the court at this time, without jury and without a court reporter and after submission of all of the issues to the court and informal discussion thereon, it was further stipulated that the court would render a final judgment herein as to all issues raised in the pleadings relating to the partnership accounting and the First Cause of Action herein." This recital is contrary to the facts as established by the record heretofore considered. The stipulation in question referred to a judgment to be agreed upon by the parties.

In any event, the proceedings are fatally defective because no findings of fact were made by the court. It is an elementary rule that written "findings are required on all material issues raised by the pleadings and evidence, unless they are waived, and if the court renders judgment without making findings on all material issues, the case must be reversed." (*James* v. *Haley,* 212 Cal. 142, 147 [297 P. 920] ; in accord: *Edgar* v. *Hitch,* 46 Cal.2d 309, 312 [294 P.2d 3] ; *Krum* v. *Malloy,* 22 Cal.2d 132, 136 [137 P.2d 18] ; *Morrow* v. *Morrow,* 201 Cal.App.2d 235, 238 [20 Cal.Rptr. 338] ; *Perry* v. *Jacobsen,* 184 Cal.App.2d 43, 49 [7 Cal.Rptr. 177] ; *Estate of Ingram,* 99 Cal.App. 660, 662 [279 P. 208] ; *Frascona* v. *Los Angeles Ry. Corp.,* 48 Cal.App. 135, 137-138 [191 P. 968].) Section 632 of the Code of Civil Procedure, which imposes the requirement of written findings, provides that they may be waived "by consent in writing filed with the clerk or judge, or by oral consent in open court, entered in the minutes." The recitals in the instant judgment do not indicate a waiver of findings; no written consent to such a waiver is on file; and no oral consent thereto expressed in open court is recorded in the minutes. In this regard it may be noted that in a declaration filed in resistance to the plaintiff's motion to dismiss the appeal, the defendant

stated that he requested the court to make findings of fact and conclusions of law, but the judge told him these were not necessary. This statement was not denied. The failure to make findings was error, and the judgment must be reversed.

The order denying the defendant's motion for a new trial is not appealable and, therefore, the attempted appeal therefrom should be dismissed. (*Rodriguez* v. *Barnett,* 52 Cal.2d 154, 156 [338 P.2d 907].) ▮ The order denying the defendant's motion to set aside the second judgment and reinstate the first properly was denied as there is no such proceeding sanctioned by law. (*Ransom* v. *Los Angeles City High School Dist.,* 129 Cal.App.2d 500, 507 [277 P.2d 455]; *Levy* v. *Brill,* 107 Cal.App.2d 204, 205 [236 P.2d 603]; *Biggs* v. *Biggs,* 103 Cal.App.2d 741, 742 [230 P.2d 32].)

The judgment appealed from is reversed; the order denying the motion to set aside the second judgment and reinstate the first is affirmed; and the attempted appeal from the order denying the motion for a new trial is dismissed. Appellant to recover costs on appeal.

Griffin, P. J., and Shepard, J., concurred.