[Civ. No. 7014. Fourth Dist. Feb. 4, 1963.]

CHARLES M. THOMPSON, Plaintiff and Respondent, v. CALLIE RICHARDSON et al., Defendants and Appellants.

628

Hennigan, Ryneal & Butterwick and J. D. Butterwick for Defendants and Appellants.

Tenney & Collins, Jesse E. Jacobson and Jack B. Tenney for Plaintiff and Respondent.

COUGHLIN, J.—The issues on this appeal concern the sufficiency of the pleadings, the findings, and the evidence to support a judgment awarding damages to the plaintiff, the respondent herein, in an action which seems to be founded upon a charge of conspiracy by the defendants, the appellants herein, to convert to their own use personal property belonging to the plaintiff.

The nature and extent of the controversy between the parties is more readily ascertainable from a consideration of the evidence in the case rather than of the pleadings or the findings. The plaintiff, an elderly man, was the owner of a 1949 DeSoto automobile, which he valued at $1000, a house trailer and cabana, which he valued at $2000 and woodworking equipment, which he valued at $10,000; was placed in a hospital as the result of a heart attack; on May 20, 1959, was removed from the hospital to a rest home operated by the defendant Richardson; subsequently caused the aforesaid personal property, which then was stored in a warehouse, to be moved to the Richardson premises; and now claims that it was sold or otherwise disposed of without his consent.

The defendant McBess testified that the plaintiff wanted someone to take care of his affairs and see about moving the aforesaid property to the Richardson home; that the plaintiff asked McBess if he would do so and, upon obtaining his

consent, executed a general power of attorney in his favor; that the power of attorney in question, which is dated May 29, 1959, was prepared by an attorney after an interview with plaintiff, and was acknowledged before a notary public; that pursuant thereto he, McBess, caused the subject property to be brought to the rest home, paying storage, hauling, towing and labor charges in connection therewith; that he sold the woodworking equipment to the defendant Bergren for $500, which was the highest of three bids made therefor; and that he paid the $500 to the defendant Richardson.

The defendant Richardson testified that the plaintiff agreed to give her a bill of sale to the woodworking equipment with the understanding that the proceeds would be applied upon his rest home bill; that, pursuant to this agreement, plaintiff transferred the subject equipment to her by a bill of sale dated August 12, 1959, which was acknowledged before the same notary public who acknowledged the McBess power of attorney; and that she received $500 from the sale of that equipment which she credited to the plaintiff's account.

The bill of sale in question bears an assignment by McBess to Bergren. The latter testified that he was asked to place a bid on the subject equipment; looked at the same and bid $500 therefor; was notified that he was the highest bidder; paid the $500; picked up the equipment and thereafter sold all of it, with the exception of two jig saws, at a public auction for $393.33.

The plaintiff denied that he had executed the aforesaid bill of sale or power of attorney, and on March 11, 1960, made a written demand upon the defendants to deliver all of the property in question to him. The evidence presents a sharp dispute respecting the amount of the property involved in the alleged conversion, and also as to its value.

The complaint alleges (1) that *"on the 2nd day of June, 1959* plaintiff was the owner"* of certain specifically described property of the value of $13,000, and *"was then and there* entitled to the immediate possession of said property . . ."*; and (2) that on *"the 11th day of March, 1960, . . .* the defendants being *then* in possession of said personal property," (italics ours) the plaintiff demanded of the defendants that they return the same to him but they refused to do so and "unlawfully converted and disposed of said property to their own use." The complaint also alleged that the defendants "have conspired one with the other to conceal" said property

from the plaintiff and "in furtherance of said conspiracy have sold and secreted said property and converted said property and the proceeds from the sale of the same to their own use." It must be observed that the complaint does not allege that the plaintiff was the owner or entitled to the possession of the subject property at any of the times in question except on the 2d day of June 1959. This is important because of the finding of the court on the issue of ownership and right to possession, and the contention of the defendants, which first appears in their answer, that by virtue of the unrevoked power of attorney dated May 29, 1959, the defendant McBess was entitled to possession of the subject property, and that by the bill of sale dated August 12, 1959, the defendant Richardson became the owner of the woodworking equipment, which was a major part of that property. The only finding with respect to ownership or right to possession made by the court is its finding that the allegations in the complaint were true. It must be observed, also, that the allegations respecting an alleged conspiracy charged only that the defendants "conspired . . . to conceal the property hereinafter described," i.e., that owned by the plaintiff on June 2, 1959, and that in furtherance thereof concealed, secreted and converted said property to their own use. Even assuming the adequacy of these allegations to set forth a conspiracy, they relate only to property which the plaintiff owned on June 2, 1959, whereas the only acts in furtherance of the conspiracy, as disclosed by the evidence, occurred after June 2, 1959, and, in any event, these acts would have been unlawful only if the power of attorney and bill of sale in question did not exist or were invalid. For the reasons noted, it is apparent that the issue as to whether the power of attorney and bill of sale existed and were valid, was a vital and predominant issue in the case.

██ Furthermore, as the attempted cause of action for conversion, which was set forth in the plaintiff's complaint, was met by an allegation in the defendants' answer that they took possession of and sold certain of the plaintiff's property with his authorization and consent in writing, an issue was raised respecting the existence and effect of this writing. By statutory provision the foregoing allegation in the defendants' answer was deemed controverted (Code Civ. Proc., § 462); the execution of the writing referred to was denied (*Pacific Investment Co.* v. *Ross,* 131 Cal. 8, 10 [63 P. 67]; *W. R. Campbell Co.* v. *Sears, Roebuck & Co.,* 136 Cal.App. 765, 767

[29 P.2d 910] ; *Drinkwater* v. *Hollar,* 6 Cal.App.117, 120 [91 P. 664]) ; and the plaintiff was entitled to prove any fact which would avoid its alleged effect. (*Vaughn* v. *Jonas,* 31 Cal.2d 586, 603 [191 P.2d 432] ; *Stevens* v. *Kelley,* 57 Cal. App.2d 318, 325 [134 P.2d 56] ; *Bertelsen* v. *Bertelson,* 49 Cal.App.2d 479, 482 [122 P.2d 130].) ▆▆ A denial or affirmative defense thus implied raises an issue in the case (*Turner* v. *East Side Canal etc. Co.,* 169 Cal. 652, 654 [147 P. 579] ; *Rogers* v. *Riverside Land etc. Co.,* 132 Cal. 9, 11 [64 P. 95] ; *McGrath* v. *Basich Brothers Constr. Co.,* 7 Cal. App.2d 573, 577 [46 P.2d 981]), upon which the court must make a finding. (*Cassidy* v. *Cassidy,* 63 Cal. 352.) ▆▆ The pretrial order herein recognized and classified the issues thus raised by declaring that one of the questions for decision on trial was whether the plaintiff's signatures to the subject power of attorney and bill of sale, if he signed the same, were obtained by fraud.

After the court announced its intention to find in favor of the plaintiff, the latter proposed findings declaring that each and all of the allegations of the complaint were true, with two exceptions which need not here be noted; that each and all of the allegations and denials of the answers were untrue; and that ''the defendants entered into a conspiracy to defraud the plaintiff of certain of his personal property, and pursuant to said conspiracy did defraud the plaintiff of said property of the reasonable value of $5,500.00.'' The defendants requested special findings on the issue as to whether the plaintiff executed the power of attorney and bill of sale in question and, if the court found that he did execute the same, on the issue whether these instruments, or either of them, were obtained by fraud and, if so, by the fraud of which defendant or defendants. The court refused the request for special findings and adopted those proposed by the plaintiff. Judgment was entered accordingly.

▆▆ The defendants contend that the refusal to make special findings respecting the existence and validity of the power of attorney and bill of sale requires a reversal of the judgment. This contention is meritorious.

▆▆ It is settled that ''findings are required on all material issues raised by the pleadings and evidence, unless they are waived, and if the court renders judgment without making findings on all material issues, the case must be reversed.'' (*James* v. *Haley,* 212 Cal. 142, 147 [297 P. 920] ; *Edgar* v.

632

*Hitch,* 46 Cal.2d 309, 312 [294 P.2d 3]; *Perry* v. *Jacobsen,* 184 Cal.App.2d 43, 49 [7 Cal.Rptr. 177].)

Under the findings as made, because primarily they are limited to facts as they appear in the pleadings, the court found that the plaintiff owned and was entitled to possession of the property described in the complaint on the 2d day of June 1959; made no finding as to the ownership or right to possession of that property thereafter; found as true the allegation of the complaint that on "the 11th day of March, 1960, . . . the defendants being *then* in possession of said personal property" (italics ours), the plaintiff demanded the return thereof but the defendants refused to return the same and "converted and disposed of said property to their own use"; also found as true the allegation of the complaint that the defendants conspired to conceal said property from the plaintiff and in furtherance thereof converted the same; and found as untrue "each and all of the allegations and denials" of the defendants' answers, which included the allegation that certain of the property described in the complaint "did come into their hands at various times with the authorization and consent in writing therefor of the plaintiff," and that "certain items of property were sold or otherwise disposed of and the proceeds of sale applied" to certain expenses. Because the court found that "each" of the allegations in the answers was untrue, the latter finding is five-fold: Finds (1) that certain of the property in question did not come into the hands of the defendants; (2) that it did not come into their hands "with the authorization and consent in writing therefor of the plaintiff"; (3) that said certain items of property were not sold; (4) that said certain items of property were not otherwise disposed of; and (5) that the proceeds of sale therefrom were not applied to certain expenses.

The findings adopted by the court did not disclose: (1) whether the plaintiff owned or was entitled to possession of the property in dispute at the time the evidence indicates the defendants exercised acts of dominion over it; (2) whether the defendants ever had possession of that property, except on March 11, 1960, whereas the evidence shows without conflict that they did not have possession thereof on that date; and (3) whether the "authorization and consent in writing" referred to in the defendants' answers were executed by the plaintiff and, if so, whether they were valid. Furthermore, an obvious conflict exists between the finding which declares that the defendants converted the subject property and the finding

which declares that they never had possession thereof, concealed the same or otherwise disposed of it; in addition there is uncertainty in the finding as to whether the said property did not come into the hands of the defendants by virtue of an authorization and consent in writing executed by the plaintiff or did not come into their hands in any event.

To sustain the judgment at hand, even assuming that this is possible under the pleadings, it would be necessary that this court hold that a finding that the plaintiff did not execute the subject power of attorney or bill of sale, or that these instruments were invalid, was implied in the findings actually made and for this reason, under the evidence, the plaintiff was the owner and entitled to the possession of the subject property at all times in question and that the defendants converted the same. However, the status of the findings as made forecloses such a deduction. Those respecting the plaintiff's ownership and right to possession, and those respecting the defendants' claimed conversion, are inadequate and incomplete. Furthermore, the findings on the aforesaid issues, and that involving the execution and validity of the power of attorney and bill of sale, are inconsistent, ambiguous and uncertain. Our course in this matter is governed by the provisions of section 634 of the Code of Civil Procedure which declares that:

"If upon appeal . . . it appears that the court has not made findings as to all facts necessary to support the judgment, or that the findings are ambiguous or conflicting upon a material issue of fact, the court before which such appeal . . . is pending shall not infer that the trial court found in favor of the prevailing party on such issue if it appears that the party attacking the judgment made a written request for a specific finding on such issue either prior to the entry of judgment. . . ."

As the defendants requested special findings on the issues respecting the execution and validity of the subject power of attorney and bill of sale, in view of what heretofore has been stated, we must not infer that the trial court found adversely to them on those issues, and the judgment cannot be sustained.

The purported finding of fact that the defendants entered into a conspiracy to defraud the plaintiff of certain personal property and pursuant thereto did defraud him thereof, is not responsive to any issue raised by the pleadings or the pretrial order. In addition, contrary to the contention

of the plaintiff, this finding is not one declaring the existence of ultimate facts. The bare allegation that a defendant entered into a conspiracy to defraud a plaintiff of his property is not sufficient to state a cause of action. (*Moropoulos* v. *C. H. & O. B. Fuller Co.*, 186 Cal. 679, 683 [200 P. 601].)

 Under the record before us a decision on the issues respecting the execution and validity of the power of attorney and bill of sale is basic to a determination of the issues of ownership or right to possession by the plaintiff and a conversion by the defendants. Furthermore, if the power of attorney and bill of sale were obtained by fraud, and issues with respect thereto are supplied by the evidence, a finding on those issues is material to a decision in the case. The failure of the court to find on the aforesaid issues requires a reversal of the judgment.

Defendants have urged other grounds for reversal but, because of our opinion in the case, the probability of a revision of the issues by amended pleadings, and the necessity for a new trial on all issues herein, it is unnecessary to consider the same.

The judgment is reversed.

Griffin, P. J., concurred.