[Civ. No. 15053.   Second Dist., Div. Two.   Oct. 25, 1945.]

BEATRICE CASTLE, Respondent, v. PAUL HOBART CASTLE, Appellant.

Halverson and Halverson for Appellant.

Barry Sullivan for Respondent.

WILSON, J.—An interlocutory judgment of divorce was entered in favor of respondent on July 1, 1936, whereby appellant was ordered to pay respondent the sum of $25 per month for the support of respondent and the minor child of

the parties. Final judgment of divorce was entered on September 4, 1941. On September 17, 1942, respondent filed an affidavit setting forth that nothing had been paid to her on account of the judgment and that $1,875 was due, owing, and unpaid thereon, being the sum of $25 per month from July 1, 1936, to September 1, 1942. Pursuant to an order of the court therefor, made on September 17, 1942, without notice to appellant, the clerk issued execution for said amount and the sheriff levied upon and sold real property of appellant in partial satisfaction of the judgment. The sale was held on December 7, 1942. On March 10, 1945, appellant served and filed a notice of motion to set aside the order of September 17, 1942, directing the issuance of execution, to recall and quash the execution, to vacate the levy, and to vacate and set aside the sale of appellant's property, on the ground that the court was without jurisdiction to make or issue said order of September 17, 1942. Appellant's motion was denied and he appeals from the order denying his motion.

Seventy-five monthly payments were unpaid at the date of the order for the issuance of the execution, sixty of which had accrued within five years prior to the date of the order. For these amounts execution could have been issued without notice to appellant. (Code Civ. Proc., § 681.) The fifteen payments that had accrued more than five years previously to the issuance of the order were barred by the statute of limitations. (Code Civ. Proc., § 336.) That portion of the judgment is unenforceable except that execution therefor may issue ''by leave of the court, upon motion, and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of section 681 of this code.'' (Code Civ. Proc., § 685, as amended by Stats. 1933, ch. 971, p. 2499.) Prior to this amendment the court was authorized to make an order for the issuance of an execution upon ex parte application without notice to the judgment debtor, but since the effective date of the amendment notice to the judgment debtor is a condition precedent to the making of such an order; and an order made without notice is void and is subject to collateral as well as to direct attack. (*Da Arauje* v. *Rodriques,* 50 Cal.App.2d 425, 429 [123 P.2d 154].)

The cases cited by respondent sustaining the issuance of executions without notice after a lapse of five years were all decided prior to the amendment of section 685 in 1933. They are inapplicable here and need not be noticed.

■ The order for the issuance of the execution, having included an amount that had accrued more than five years previously, was in excess of the jurisdiction of the court and was void. It necessarily follows that the execution and the sale thereunder were likewise void.

The order appealed from is reversed with directions to grant the motion, but without prejudice to the issuance of another execution pursuant to the provisions of either section 681 or section 685 of the Code of Civil Procedure.

Moore, P.J., and McComb, J., concurred.