[Civ. No. 24542.   Second Dist., Div. Three.   Jan. 3, 1961.]

HOWARD TOWNSITE OWNERS, INC. (a Corporation), Respondent, v. PROGRESSIVE OIL COMPANY (a Partnership) et al., Appellants.

James C. Webb for Appellants.

Hampton Hutton for Respondent.

BISHOP, J. pro tem.*—The plaintiff brought this action on behalf of itself and many other lessors of a community gas and oil lease, to recover royalties due and unpaid since 1953. From the judgment in plaintiff's favor the defendants have appealed, and in its support present four "Assigned Errors." We have weighed each of the four and determined that none of them warrants a reversal of the judgment.

The first of these claimed "errors" is: "Complaint fails to state . . . a cause of action." Defendants complete argument "RE: FAILURE OF COMPLAINT TO STATE CAUSE" is this: "Appellant submits said matter upon the Record." We have examined the record, and decline to reverse the judgment on the ground of the first "error."

The second error deserves little more attention. It is that "FINDING OF FACT INCLUDES CONCLUSION OF LAW." It is doubtless technically a conclusion of law to find as a fact "'That royalties and interest thereon have accrued to the lessors under the community oil and gas lease with respect to all of the properties'" as follows: Then there appeared (1) the amounts of royalties that had accrued—a finding of fact whose value is not to be wiped out because of the surplus words: "to the lessors," and (2) the amounts of interest figured on several amounts of principal. The appellants might also have complained that the conclusions of law contained a finding of fact, as they do in that it is there deter-

---

*Assigned by Chairman of Judicial Council.

mined that the sum that should be deducted from the total of royalties found to have accrued, because they were the royalties derived from Lots 8 through 18, was the sum of $273.57. The defendants make no claim of error in the amounts found due as royalties or in the computation of interest based on the amounts. ■ A judgment is not to be reversed because a finding of fact or conclusion of law appears under the wrong heading in the findings of fact and conclusions of law.

■ The third of the four "Assigned Errors" is complex: "The evidence is insufficient to sustain: a. The findings of fact; b. The conclusions of law; or c. The judgment." Defendants' argument concerns itself with but one matter under this error, that the finding, that the allegations of amended paragraph VII of the complaint are true, is incorrect. With this we agree, in part. It was alleged, in that paragraph, that a producing well was developed during the period that the Southern California Petroleum Company was the lessor and before any assignments or quitclaim deeds had been executed, and that collective payments had been made to Howard Townsite Owners, as collecting agent for royalties up through July 1953, but not since. The finding is incorrect, first, in referring to the Southern California Petroleum Company as lessor; it was the lessee. Moreover, no producing well was developed while it was lessee, but later as the defendants contend and plaintiff agrees. But what do we have here but a couple of more errors to be chalked up? The judgment is not to be affirmed or reversed depending upon the number of errors, but because of their consequence, and we can not see that it makes a whit of difference under what reign the well came into production. Royalties were paid until August 1953; they have not been paid since then.

The remaining one of the four errors is: "The Trial Court failed to find upon the following: a. Estoppel of Plaintiffs; b. Present status of the lease, area involved and persons or properties presently subject thereto." The assistance defendants' counsel gives us at this point, in his opening brief, is: "Appellant submits upon the Record, that these two issues require that findings be made thereon." In his closing brief counsel cites some cases in support of the thesis that in equity cases, as in other, findings should be made on all issues. This was an equity case; findings were made, but, it is argued, not on all issues. We have concluded, however, that, as we shall see, no error warranting a reversal was made, but that the

contention deserves a bit more attention than the defendants have given it.

Taking up the last point, of this last "error," first, we are at a loss to know why a finding should be made as to the "present status of the lease," etc. In neither the complaint nor the answer was a declaratory judgment sought. The question involved was not listed among the very loosely stated "issues to be determined" of the pretrial conference order. Moreover, the findings that were made leave no question unanswered that is material to this "issue."

We now come to the central, real, controversy of the trial, pleaded as affirmative matter by the defendants. The affirmative defense begins, in paragraph I, with the allegation that in 1950 the defendants acquired by transfer and assignment, the right to explore for and produce oil from beneath certains lots, in Block L, in the Townsite of Howard, to wit: Lots 8 through 18. Then follow paragraphs II, III, IV and V, in which an oral agreement is alleged to have been reached between the defendants and the plaintiff, with these terms: (1) The defendants would reconvey and quitclaim from the obligations of the lease, all the surface rights to nine of the lots mentioned above, that is, to all except Lots 15 and 16; (2) the plaintiff would for all time waive the right to demand or receive any royalty that might accrue to it under the lease, because of the well on Lot 16; (3) the plaintiff would convey Lot 16 to the defendants, by grant deed, for $1,000. It was further agreed that the plaintiff, experienced in such matters, would prepare all the papers necessary to consummate the agreement, and the defendants relied upon the plaintiff to do it.

An escrow was opened; the fee title in Lot 16 was conveyed to defendants; and the plaintiff represented that all documents needed had been prepared, and from early in August, the date of the deal, the plaintiff made no more demand for royalty benefit; with the result that the defendants thought that the deal had gone through as agreed.

The findings deal thus with the affirmative defense. "That such allegations in defendants' paragraph I of their Second and Separate Defense, as are inconsistent with findings heretofore made, are not true.

"That no findings are made as to the allegations in paragraphs II, III, IV and V of defendants' Second and Separate

Defense, as those facts were determined by the verdict of the jury."

It was not true to say that "those facts were determined by the verdict of the jury." But two questions were put to the jury; these: "1) Was there an oral promise made by Howard Townsite Owners, Inc., to defendants Kenneth and Wayne Mills to waive and give up certain oil royalty rights of Howard Townsite Owners, Inc., under the community oil lease?

"2) Did the parties agree to limit the waiver of said rights to the twelve lots, ten of which were quitclaimed by defendants to plaintiffs Howard Townsite Owners, Inc.?" Affirmative answers were given to these questions.

We must examine the refusal to find, in the light of other findings that were made, to see if prejudice has been suffered. It was found "That the plaintiff Howard Townsite Owners, Inc. was found by the jury to have waived any royalties accruing by reason of its ownership of oil rights in Lots 8 through 18 of Block L, Howard Townsite Tract, and that such sum as is determined to be attributable to it by reason of its ownership of such rights be deducted from the total judgment." (As already indicated, in the conclusions of law, it was determined that the sum to be deducted was $273.57.) We interpret this finding as an adoption, by the trial court, of the special verdict of the jury. True, Lots 8-18 constitute 11 lots, not 12, the number assumed to be involved in the question put to the jury, and it was the surface rights as to nine lots that the answer affirmatively alleged were quitclaimed, not, again as the answer assumed, 10 lots that were quitclaimed. But unfortunate as are these added evidences of the careless way the parties have prepared their writings, we know that the greater includes the lesser; the defendants are making no point of the discrepancies between the figures, and we are not persuaded that we should.

We have a situation, therefore, where a special verdict was adopted by the trial court, the effect of which was to render immaterial the allegations as to which there were no findings. As to the right to claim royalties from Lots 8 through 18, the plaintiff is held to have waived them, and in the judgment awarded, the royalties that accrued to those lots have been deducted from the total. If anybody should complain that royalties have been deducted from one lot too many, it is the plaintiff. But neither party apparently has noticed that lots

8-18 are 11 in number, not 12. The waiver, the jury said, was only as to the 12 (11), and so not as to the more than 20 other lots owned by the plaintiff and covered by the lease.

The judgment went against the defendants because, on the special question put to them, the jurors came to the conclusion that the plaintiff had not waived its right to the royalties measured by all its lots, but only as to the few. No error prejudicial to the appellants appears to have brought about this result or to be reflected in the judgment.

It is affirmed.

Vallée, Acting P. J., and Ford, J., concurred.