[Civ. No. 28471.   Second Dist., Div. Three.   May 9, 1966.]

HUGH C. ELLIS, Plaintiff and Respondent, v. COMMUN-
ITY CHEVROLET, INC., Defendant and Appellant.

Smith & Wilson and Andrew V. Smith for Defendant and Appellant.

Ives, Kirwin & Dibble and John A. Francis for Plaintiff and Respondent.

KAUS, J.—Defendant Community Chevrolet, Inc., ("dealer") sold a used 1955 Ford on December 29, 1959. Later that day the car was involved in an accident. After extensive proceedings below it was held that the dealer had not properly relieved itself of its liability as owner and was vicariously responsible for the negligence of the driver under section 17150 of the Vehicle Code. Plaintiff was awarded a judgment in the sum of $1,900. The dealer appeals.

The findings of fact by the trial court are not questioned and are thus summarized:

On December 29, 1959, three brothers, Lewis G. Purdy, Sammy Lee Purdy and Carroll R. Purdy came to the dealer to buy a used car. The salesman was advised that Lewis was a minor, but that he was the only one of the three who was employed and that he would pay for the car to be purchased. The 1955 Ford in question was then sold and because of Lewis' minority the conditional sales contract for the purchase of the car was signed by Sammy. Lewis at the time gave the dealer a power of attorney to execute any documents necessary for the registration of the automobile. Neither the certificate of ownership nor the certificate of registration was delivered to the Purdys.

The deal was financed by the California Bank. Pursuant to the power of attorney executed by Lewis, the dealer then caused an application for transfer of title to be executed, naming Lewis as the new registered owner and the California Bank as the new legal owner. Lewis at the time was a minor as defined by section 25 of the Civil Code.

Two hours after the car was delivered to the Purdys it was involved in a three-car accident. At that time it was being driven by Carroll. One other car in the accident was a Pontiac

driven by Sammy and the third an automobile driven by the plaintiff Ellis.

After the accident but before the end of the next business day the dealer attempted to comply with "the procedure prescribed in Vehicle Code, sections 5602, subdivision (b), 5900 and 5901; that it did so by mailing to the Department of Motor Vehicles at Sacramento a dealer's notice of sale of used vehicle describing the 1955 Ford, engine number U5RF119803, and notified the local office of the department of said sale on December 31, 1959."

This notice of sale described the purchaser as Lewis Purdy.

Under the heading "Conclusions of Law" the court stated:[1]

There was a bona fide sale and delivery of the Ford before the accident, but both the conditional sales contract and the notice of sale were "defective" and ineffective to relieve the dealer of ownership, because the former named only Sammy as the buyer and the latter only Lewis. There never was an effective transfer of title because the application therefor was executed under a power of attorney which Lewis, as a minor, was powerless to give. The ownership of the car within the meaning of section 5602 [17150?] of the Vehicle Code was in the dealer, Lewis and Sammy. The delivery to the department or the mailing to the department of the notice of sale or "other appropriate documents for registration of the vehicle for sale or transfer *after* [*sic*] the collision" was ineffectual to relieve the dealer from civil liability for the operation of the car at the time of the collision.

It is noted that there is really no express finding as to who was the purchaser of the 1955 Ford. It is obvious, however, from what has been set forth, that the trial court impliedly found that both Lewis and Sammy were the purchasers. The record does not show any written request for a more specific finding as provided by section 634 of the Code of Civil Procedure. ■ "Unless there is a request for special findings as provided in section 634, a judgment will not be set aside on appeal because of a failure to make an express finding upon an issue if a finding thereon, consistent with the judgment, results by necessary implication from the express findings which are made." (*Auer* v. *Frank*, 227 Cal.App.2d 396, 406 [38 Cal.Rptr. 684].)

---

[1]Very arguably some of the "conclusions" are actually findings of fact. They do not lose their character as such by being mislabeled. (*Howard Townsite Owners, Inc.* v. *Progressive Oil Co.*, 188 Cal.App.2d 24, 26 [9 Cal.Rptr. 856]; *Lala* v. *Maiorana*, 166 Cal.App.2d 724, 730 [333 P.2d 862].)

Vehicle Code, section 5602 provides for three alternative methods by which an owner may rid himself of his responsibility as such. They are: a bona fide sale or transfer of the vehicle accompanied by delivery of possession—not questioned here—plus (1) delivery of a properly endorsed certificate of ownership and of the certificate of registration. It is not contended that this method was followed. (2) If the owner is a dealer, delivery to the Department of Motor Vehicles or placing in the United States mail, addressed to the department, the dealer's notice of sale referred to in section 5901 of the code. This must be done "not later than the end of the next business day." (Veh. Code, § 5901.) It appears that the dealer claims to have followed this method. (3) Delivery to the Department of Motor Vehicles or placing in the United States mail, addressed to the department "appropriate documents for registration of the vehicle pursuant to the sale or transfer." The record and the briefs of the parties are extremely obscure in indicating whether or not it is claimed that the dealer also followed this third alternative. We will advert to this problem below.

It is apparent from our recital of the findings and conclusions that the trial court's determination that the dealer had not relieved himself of responsibility for the operation of the vehicle rested on the following propositions: 1. that if the dealer relied on the notice of sale which was mailed to the Department of Motor Vehicles within the time provided for by section 5901 of the Vehicle Code, he could not successfully do so because the notice only named Lewis as purchaser, omitting Sammy; and 2. alternatively, that in no event can a notice delivered after an accident be effective, even if mailed within the statutory time.[2] 3. That if the dealer relied on the alternative method provided for under section 5602, subdivision (b) of the Vehicle Code, that is to say delivery to the department of "appropriate documents for registration", he was again thwarted because such documents required the signature of the minor and Lewis' power of attorney was ineffective to authorize someone else to execute it for him because section 33 of the Civil Code provides that "[a] minor cannot give a delegation of power. . . ."

It seems clear to us that the omission of the name of one of the purchasers of the car was a fatal defect as far as compliance with sections 5602, subdivision (b) and 5901 of the

[2]The court made no finding whether or not the dealer knew of the accident at the time the notice was mailed.

Vehicle Code is concerned. The Supreme Court in its comprehensive review of the purpose of the various Vehicle Code sections relating to transfers of ownership in *Stoddart* v. *Peirce,* 53 Cal.2d 105 [346 P.2d 774] recognizes the following as one of the basic concepts of the code: "Registration of vehicles, somewhat like the recording of real property, is designed, among other reasons, for the protection of purchasers and *injured parties, principally by affording identification of vehicle and person; . . .*" (*Ibid.,* p. 119, italics added.) ▮ Unquestionably the plaintiff is one of the parties entitled to the protection of the statutory method of transfer. (*Somerville* v. *Providence Washington Indemnity Co.,* 218 Cal.App.2d 237, 247 [32 Cal.Rptr. 378]; *Helton* v. *Stewart,* 198 Cal. App.2d 114, 120 [17 Cal.Rptr. 524].) ▮ Obviously the failure to designate one of the two purchasers who would be financially responsible in case of an accident is not substantial compliance wth section 5901.[3]

*Borjesson* v. *Simpson,* 177 Cal.App.2d 365 [2 Cal.Rptr. 366] and *Meza* v. *Ralph,* 195 Cal.App.2d 453 [15 Cal.Rptr. 754], two cases finding that the notices involved there complied substantially, though not perfectly, with section 5901 are distinguishable. In *Borjesson* there was a failure to insert the date. A similar defect—though under a different section of the code—had been found not to be violative of the purpose of the legislation in *Stoddart* v. *Peirce, supra.* In *Meza* there had been a failure to fill out certain blanks in the notice. These related to the license and validation numbers of the vehicle and a question whether the identification number on the ownership certificate and the vehicle corresponded. In holding these omissions to be unsubstantial departures the court said: "It would thus appear that the dealer's notice to the department contains ample information to sufficiently identify the vehicle and all parties and to place each in his relative position in regard to the transaction prior to the accident and that the purposes of the statutory requirements have been fulfilled and complete protection has been given to the public in accordance with the requirements of the *Stoddart* decision (p. 120.)" (*Ibid.,* p. 457.) In the instant case obviously "all parties" were not identified.

---

[3]Section 5901 requires notice "upon an appropriate form provided by" the Department of Motor Vehicles. Section 1652 of the Vehicle Code gives the department authority to "prescribe and provide suitable forms . . . requisite or deemed necessary for the purposes of this code. . . ." The form in question contains a blank next to the words "Name of Purchaser." The only name which appears on the blank is that of Lewis.

This makes it unnecessary for us to consider whether a notice sent to the Department of Motor Vehicles in time but after the accident may relieve the dealer of his liability as owner.

■ While most of appellant's brief is devoted to a discussion of the proposition that the notice of sale complied with section 5901 although it merely designated Lewis as the purchaser, its brief does contain a second argument with reference to the trial court's conclusion that the power of attorney signed by Lewis was invalid in view of his minority.[4] The entire argument made in connection with this point is reproduced in the footnote.[5]

With all respect to counsel we do not understand where this argument is supposed to take us. It is not suggested that the plain language of section 33 of the Civil Code is for some reason or other not applicable to the case before us. It has quite recently been applied to a situation where a minor purported to authorize someone to endorse his name on checks. (*Morgan* v. *Morgan*, 220 Cal.App.2d 665, 674-675 [34 Cal. Rptr. 82].) To the extent that the argument perhaps suggests that the trial court erroneously found that the execution of the power of attorney invalidated the sale, the trial court found no such thing. If what appellant is driving at is an argument that section 5602, subdivision (b) of the Vehicle Code was complied with by delivery or mailing to the department of "appropriate documents for registration" and that such compliance required no act or signature on the part of the minor, appellant's brief which does not contain a single reference to the reporter's transcript or any of the exhibits below, completely fails to prove its point. "There is no affirmative show-

---

[4]Section 33 of the Civil Code reads in part as follows: "A minor cannot give a delegation of power . . ."

[5]"*The Fact That a Minor Who Has Purchased a Vehicle Has Improperly Executed a Power of Attorney for the Purpose of Enabling a Seller as Holder of the Power to Transfer Ownership, Both Registered and Legal of the Vehicle Does Not Invalidate Either the Sale of the Automobile, or the Proper Mailing of Dealer's Notice of Sale to the Department of Motor Vehicles.*

"*Civil Code Section* 34 provides that a minor may make any contract, other than those prohibited in Section 33 of the Civil Code, the same as an adult, and subject to his right of disaffirmance.

"Lewis Purdy, a minor did not disaffirm the conditional sales contract for the purchase of the 1955 Ford, herein, and, therefore, such conditional sales contract was valid and bona fide as found by the trial court. Further, the Dealer's Notice of Sale of the 1955 Ford was proper and released defendant Community Chevrolet, Inc. from civil liability as an owner for the operation of said Ford at the time of the accident on December 29, 1959.''

ing of error and the judgment should be affirmed." (*Romero v. Letts*, 7 Cal.2d 503, 504 [61 P.2d 449].)

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.