781

[Civ. No. 8377.   Fourth Dist., Div. Two.   Dec. 8, 1967.]

HAZEL B. DUFF, Plaintiff and Respondent, v. JOHN E. DUFF, Defendant and Appellant.

782

Harwood, Hofferman, Soden & Corfman and Robert L. Corfman for Defendant and Appellant.

Gilbert & Malmuth and Joseph I. Wedeen for Plaintiff and Respondent.

McCABE, P. J.—Appeal from judgment in favor of the plaintiff in the amount of $14,070, together with interest at the legal rate from November 26, 1946, to January 26, 1966, aggregating a total judgment of $32,948, entered in the Superior Court in and for the County of Orange on April 8, 1966.

Plaintiff and defendant herein, formerly husband and wife, were married in New York City in 1920. Their marriage endured until December 29, 1941, when Mrs. Duff instituted an action to terminate this relationship in White Plains, New York. On January 12, 1942, the order to show cause came on regularly for hearing, and the defendant, John Duff, personally appearing in that action *in propria persona,* was ordered to pay the plaintiff $70 per week ''for her maintenance and support'' commencing on that date. Some payments were made during the period 1942 to 1944. In 1943 the defendant entered the armed forces and the plaintiff was unable to locate him until 1946, when she located him in California.

The 1946 action to enforce the 1942 order of the New York

court was filed in Los Angeles County on June 5, 1946. An order to show cause issued out of that proceeding, which was heard on August 15, 1946. The court granted no relief to Mrs. Duff. Defendant, Mr. Duff, filed his answer to the 1946 proceeding on September 5, 1946, by which the issues were joined.

Preceding these events, oh May 24, 1946, Mr. Duff prepared and signed the following: "I, John E. Duff, herewith agree to pay Hazel B. Duff the sum of Fifteen Dollars a week from the above date until such time as she remarries."

On July 31, 1946, in Los Angeles County, Mr. Duff filed an action for divorce. Mrs. Duff was served and defaulted. The interlocutory decree was entered November 25, 1946, and the final decree entered on December 12, 1947.

Plaintiff Hazel Duff's present action to enforce the New York decree was filed on October 23, 1964, in which she sought to recover a judgment for the allegedly due weekly payments of $70 from the date of the 1942 New York order which totalled $82,810. Defendant John Duff appeared by demurrer and later by answer. By his answer, defendant denied the allegations of the complaint and set forth three separate affirmative defenses, (1) that plaintiff's complaint was barred by Code of Civil Procedure, section 337.5, subdivision 3; (2) laches; (3) all matters between the parties were adjudicated in the Los Angeles County divorce action of 1946.

In December 1965, nearly eight months after the defendant had filed his answer, plaintiff by stipulation amended her complaint by alleging the Los Angeles County decree, entered December 12, 1947, was null and void because she had not been personally served, therefore, the court did not have *personam* jurisdiction over her. This position was abandoned by plaintiff and it is now conceded by her that the granting of the final decree in Los Angeles County on December 12, 1947, terminated the support granted by the New York court, thus, we are here only concerned with the monies due as support for the period from 1942 to 1946.

The trial was held on December 17, 1965, after which both parties submitted points and authorities. In his points and authorities, defendant again insisted the statute of limitations was applicable and defendant was not estopped to assert it.

During the trial evidence was adduced that defendant was a resident of California from 1945 or 1946 to 1964, but he had left the state on several occasions and for varied periods of time. Whether introduced by plaintiff or defendant, the evi-

dence is helpful to the trial court in determining the application or nonapplication of the statute of limitations.

From the record before us it is not certain whether time to file points and authorities had expired. Nevertheless the trial court on December 29 entered a minute order finding the 1946 divorce decree was valid and plaintiff was entitled to $70 per week from January 12, 1942, to November 25, 1946. On the following day the minute order was vacated. Later, and on February 8, 1966, the minute order of December 29 was reinstated. Findings of fact, conclusions of law and judgment were served on defendant's counsel on February 9, 1966, signed by the trial judge on February 28 and filed March 2, 1966. It was found and concluded that plaintiff had received a New York support decree in 1942 for $70 per week, ''on the 25th day of November, 1946, defendant obtained a *final* decree of divorce from the plaintiff'' (italics added) in Los Angeles County and the decree terminated the New York support order. The trial court awarded plaintiff $14,070 together with interest at 7 percent from 1946 to 1966 for a total interest amount of $18,878. In accordance with the findings of fact and conclusions of law, a judgment was signed on February 28, 1966, filed on March 2, 1966, and entered on March 3, 1966. On this latter date the county clerk mailed notice of entry of judgment to the parties.

On the following day, March 4, 1966, the trial judge ordered the findings of fact, conclusions of law and judgment vacated to allow defendant to file objections. Defendant was given 10 days to file such objections, and plaintiff was given 10 days to answer. On March 9, defendant served his objections, complaining there were no findings on his affirmative defense of the statute of limitations and laches. Defendant requested special findings to this effect.

On April 6, 1966, the trial judge adopted the findings of fact, conclusions of law of the plaintiff, rejected defendant's objections and ordered the findings of fact, conclusions of law and judgment reinstated as originally entered. Finally on April 14, 1966, the court on its own motion ordered the judgment to be entered on April 8, 1966, instead of March 3, 1966, as it had ordered on April 6.

This appeal is from the judgment and from the whole thereof.

█ Upon entry of a judgment, in the absence of clerical error in the rendition or entry of that judgment, the trial court may not summarily amend the judgment, no matter how

erroneous it may be, on its own motion. (Code Civ. Proc., § 663; *Bowman* v. *Bowman*, 29 Cal.2d 808, 814 [178 P.2d 751, 170 A.L.R. 246] ; *Eisenberg* v. *Superior Court*, 193 Cal. 575, 579 [226 P. 617] ; *Chase* v. *Superior Court*, 210 Cal.App.2d 872, 875 [27 Cal.Rptr. 383].) Absent inadvertence, clerical error or extrinsic fraud in the entry of a judgment, an erroneous decision may only be rectified by a motion to vacate the judgment under section 663 of the Code of Civil Procedure, or by motion for a new trial. (*Greene* v. *Superior Court*, 55 Cal.2d 403, 405-406 [10 Cal.Rptr. 817, 359 P.2d 249] ; *Estate of Harris*, 200 Cal.App.2d 578, 590-592 [19 Cal.Rptr. 510] ; *Hunydee* v. *Superior Court*, 198 Cal.App.2d 430, 432 [17 Cal. Rptr. 856].)

Code of Civil Procedure, section 634, requires that the court "shall not sign any findings therein prior to the expiration of ten days" after their service on opposing counsel. The proposed findings were in this instance served on February 9, 1967. Thus, the trial court was empowered to sign and enter these findings and enter the judgment based thereon as early as February 19. When the judgment was regularly entered on March 2, 1966, supported by findings and conclusions of law, the court lost further jurisdiction to modify or vacate it.

Findings are required only "upon the trial of a question of fact by the court." (Code Civ. Proc., § 632.) Conclusions on every issue of law are not similarly required in support of a judgment. (*Spencer* v. *Duncan*, 107 Cal. 423, 427 [40 P. 549] ; *Rea* v. *Haffenden*, 116 Cal. 596, 599-600 [48 P. 716] ; *Delmuto* v. *Superior Court*, 119 Cal.App. 590, 594-595 [6 P.2d 1007].)

Written findings are required on all material issues raised by the pleadings and evidence, unless they are waived, and if the trial court renders judgment without making findings on all material issues, the case must be reversed on appeal. (*Culbertson* v. *Cizek*, 225 Cal.App.2d 451, 465 [37 Cal.Rptr. 548] ; *Keroff* v. *Snyder*, 208 Cal.App.2d 429, 432 [25 Cal.Rptr. 234] ; *Morrow* v. *Morrow*, 201 Cal.App.2d 235, 238 [20 Cal.Rptr. 338] ; *Perry* v. *Jacobsen*, 184 Cal.App.2d 43, 49 [7 Cal.Rptr. 177].) Reversal is compelled if there was evidence introduced on such issues and this evidence was sufficient to have sustained finding in favor of the party complaining. (*Vick* v. *Grasser*, 169 Cal.App.2d 692, 702 [338 P.2d 223] ; *Thompson* v. *Richardson*, 212 Cal.App.2d 627, 631 [28 Cal.Rptr. 233].) Findings are also necessary on equitable issues. (*Consolidated Irr. Dist.* v. *Crawshaw*, 130 Cal.App. 455, 462 [20 P.2d 119] ;

c.f. *Phillips* v. *Phillips,* 41 Cal.2d 869, 874 [264 P.2d 926].)

██ The statute of limitation plead in bar of the cause of action was material to disposition of this action. (See *Jurczyk* v. *Jurczyk,* 232 Cal.App.2d 270, 271 [42 Cal.Rptr. 660]; *Castle* v. *Castle,* 71 Cal.App.2d 323, 324-325 [162 P.2d 656].) This would also be true of the pleaded defense of laches.

██ However in the absence of requests for special findings, the judgment will not be set aside for failure to make an express finding on such an issue where a finding consistent with the judgment results by necessary implication from the express findings made. (*Ellis* v. *Community Chevrolet, Inc.,* 242 Cal.App.2d 79, 81 [51 Cal.Rptr. 154]; *Spindler Realty Corp.* v. *Monning,* 243 Cal.App.2d 255, 275-276 [53 Cal.Rptr. 7], cert. den. 385 U.S. 975 [17 L.Ed.2d 437, 87 S.Ct. 515]; *Auer* v. *Frank,* 227 Cal.App.2d 396, 406 [38 Cal.Rptr. 684, 8 A.L.R.3d 1108].) Nevertheless application of the implied finding rule requires findings as to all material facts necessary to support the judgment.

The failure to make a finding on the affirmative defense, when supported by the evidence, may well vitiate the judgment. (See *Laven* v. *Cowan,* 108 Cal.App. 628, 632 [291 P. 877].)

██ The evidence clearly reflects that the interlocutory decree of divorce in Los Angeles County was entered November 25, 1946. However, the court specifically found a *final* decree was entered on November 25, 1946. On the new trial a finding on this issue undoubtedly will be made in conformity with the evidence.

Although plaintiff testified regarding the May 24, 1946, writing; that during the period from 1946 to 1964 she had seen defendant on several occasions in Arizona; every two or three years she had communicated with defendant regarding her need for money and his promise to send her money when he could do so; defendant had paid her for some needed dental work; the money had been transmitted to her through her daughter, the court made no finding whether defendant was estopped to plead the statute of limitation or laches. Since these issues of the possible application of the statute of limitation and laches were material and required findings, it necessarily follows that if the trial court finds either principle applicable, the next material issue upon which a finding would have to be made was that of estoppel.

For the foregoing reasons the judgment is reversed.

Kerrigan, J., concurred.