[No. 5141.]

## J. G. SHAW *v.* J. B. WANDESFORDE ET ALS.

DEFICIENT FINDINGS. — When the Court below has filed findings, but has failed to find upon a material issue raised by the pleadings, the judgment will be reversed.

APPEAL from the District Court of the Third Judicial District, City and County of San Francisco.

Action brought to enforce a mechanic's lien. The material facts are stated in the opinion. Plaintiff had judgment, and defendants appealed.

*Roche & Robinson,* for Appellants.

*Gray & Haven,* for Respondent.

By the Court, MCKINSTRY, J.:

The complaint alleges that the defendants " other than J. B. and Mary Wandesforde, hold liens of record upon the said premises described as aforesaid." Among the defendants are Page, Sampson, Dolbeer, and Carson, comprising the firm of Page & Co.; and also Taylor and Little, comprising the firm of Taylor & Company. The defendants, J. B. and Mary Wandesforde, aver in their answers that Page & Co. were, on the 8th day of September, 1872, creditors of plaintiff in a certain sum for lumber and materials theretofore sold and delivered to plaintiff, which lumber and materials were actually used by said plaintiff in the construction of the building and " in the performance of that portion of the work embraced in Exhibit A, (written contract) which plaintiff performed," etc. That on the 8th day of November, 1872, and before the expiration of thirty days next ensuing the completion of the building, a lien was filed in due and proper form (giving the substance thereof). That by reason thereof Page & Co. claimed a lien, etc. "That afterwards, to wit, in the month of December, 1872, and within ninety days from the said 8th day of November, 1872, and while the said claim was still unpaid, this defendant paid to said Page & Co. the said amount of five hundred and one and fifty-one one-hundredths (501 51-100) dollars, in gold coin of the United States, and said Page & Co., in consideration thereof, assigned and transferred to this defendant all their right, title, and interest in and to said claim." The answers contain similar averments in respect to the claim and lien of Taylor & Co., *mutatis mutandis.*

There is no finding in respect to these allegations—allegations which, by virtue of the provision of the Code of Civil Proced-

ure, the plaintiff is supposed to have denied. That the issue is material cannot be doubted. If the allegations of the answers are true, defendants are entitled to a credit to the amount of the sums paid to Page & Co. and Taylor & Co.

The judgment must be reversed for want of necessary findings.

Judgment and order reversed, and cause remanded for a new trial.