[Civ. No. 22334.   First Dist., Div. Three.   Dec. 9, 1965.]

DONALD A. SULLIVAN, Plaintiff and Respondent, v. DEL CONTE MASONRY CO., INC., Defendant and Appellant.

Cooper & Wiles and Robert J. Wiles for Defendant and Appellant.

Haley, McInerney & Dillon and William H. McInerney for Plaintiff and Respondent.

SALSMAN, J.—Respondent Donald A. Sullivan brought this action against appellant Del Conte Masonry Co., Inc. asking an accounting and payment of money due under an employment agreement. The trial court found that respondent had been employed by appellant at a salary plus commission, and that there was due him the sum of $8,880.91.

Appellant contends that an accord and satisfaction was entered into and consummated and its debt thereby discharged. Appellant also argues that the court's findings are not supported by the evidence. Neither of appellant's contentions may be upheld and we therefore affirm the judgment.

Appellant corporation is in the masonry contracting business and Anthony Del Conte is its president and sole stockholder. Respondent was employed by appellant from 1954 to July 1961. From 1954 through 1956 respondent was to receive a salary for his services, plus 2 per cent of the gross bid price of jobs secured by him. In late 1956 the terms of respondent's employment were changed by mutual agreement so that beginning January 1, 1957, he was to receive 50 per cent of the net profits of appellant's business. In August

1958 respondent became a director of the appellant corporation and continued as such until July 1961. While a director he continued to perform the same work as that done previously, and in addition supervised some of the construction projects. In July 1961 respondent's services were terminated. Upon review of his records, respondent concluded that he had not been paid all that was due him. A meeting was held at which there were present Mr. Anthony Del Conte, Mrs. Del Conte, two accountants, and respondent. Respondent presented his claims, but the parties reached no agreement. On September 20, 1961, appellant sent respondent a check for $1,500. On November 8, 1961, appellant tendered another check in the sum of $6,984.98. This check bore the endorsement: "paid in full all money owing to this date, 11/8/61." Respondent struck out the endorsement, cashed the check, and later filed this action for an accounting.

We reject appellant's first contention that tender of appellant's check of November 8, 1961, bearing the restrictive endorsement noted, and its acceptance by respondent, constituted an accord and satisfaction and operated to discharge all sums owed by appellant as of that date.

Accord and satisfaction are defined by sections 1521 and 1523 of the Civil Code. Section 1521 provides: "An accord is an agreement to accept, in extinction of an obligation, something different from or less than that to which the person agreeing to accept is entitled." Section 1523 states: "Acceptance, by the creditor, of the consideration of an accord extinguishes the obligation, and is called satisfaction."

In *B. & W. Engineering Co.* v. *Beam,* 23 Cal.App. 164, 170 [137 P. 624], the court said that ". . . an agreement of accord and satisfaction is one whereby one of two parties having a right of action against the other upon a claim arising out of an existing agreement, agrees to accept from the other party something in satisfaction of such right of action different from and usually less than that which might be recovered upon the original obligation . . . The effect of such agreement when executed is to extinguish the antecedent liability." Appellant correctly states that an accord and satisfaction may be consummated by the giving of a check bearing a restrictive endorsement which notifies the payee that it must be accepted in full settlement of a disputed claim or not at all, and the payee cashes such check. It is immaterial that he does so under protest. (See *Edgar* v. *Hitch,* 46 Cal.2d 309 [294 P.2d 3]; *Dietl* v. *Heisler,* 188 Cal.App.2d 358 [10 Cal.Rptr. 587].)

The foregoing principles, however, are not controlling here. Respondent's claim is for wages, to which the provisions of the Labor Code have direct application. Section 206 of the Labor Code provides: "In case of a dispute over wages, the employer shall pay, without condition and within the time set by this article, all wages, or parts thereof, conceded by him to be due, leaving to the employee all remedies he might otherwise be entitled to as to any balance claimed." Section 206.5 of the Labor Code states: "No employer shall require the execution of any release of any claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of such wages has been made. Any release required or executed in violation of the provisions of this section shall be null and void as between the employer and the employee and the violation of the provisions of this section shall be a misdemeanor." ▉ Thus, upon termination of an employee's services, the employer is bound to pay the employee all wages conceded to be due, and can require no condition in connection with payment. (*Reid v. Overland Machined Products*, 55 Cal.2d 203 [10 Cal.Rptr. 819, 359 P.2d 251].)

▉ The question here, however, is whether the sum of $6,984.98 tendered by appellant to respondent by its check dated November 8, 1961, was concededly due respondent as wages. If concededly due, then the condition attached, namely that the check was tendered "in full payment" was invalid, and one that could not be imposed upon respondent. (*Reid* v. *Overland Machined Products, supra*, 55 Cal.2d 203, 208.)

The trial court found that, although the total amount of wages due respondent was in dispute, the amount of $6,984.98 was concededly due. This finding is supported by the evidence. Respondent introduced in evidence as Exhibit 2 a statement prepared for appellant by Mrs. Del Conte. This statement summarized the operations of appellant's business, indicated its profit, and noted the payment of wages and bonuses. It is dated September 30, 1961, and notes the payment to respondent of the sum of $1,500 on September 20, 1961, and concludes with the words and figures "Balance Due Don [respondent] $6,984.98." There is also evidence that Mrs. Del Conte was employed by appellant, worked in the office, and prepared Exhibit 2 from appellant's books and records. Moreover, appellant does not attack the accuracy of the figures contained in Exhibit 2. This evidence is sufficient

to establish that, at the time appellant tendered its check dated November 8th, in the exact amount stated in the exhibit, the whole of the amount tendered was due and owing as wages. The condition attached to payment, therefore, was invalid under the provisions of the Labor Code.

This is not to say, however, that an employer and employee may not compromise a bona fide dispute over wages. But such a compromise is binding only if made after wages concededly due have been unconditionally paid. (*Reid* v. *Overland Machined Products, supra,* 55 Cal.2d 203, 208.) In *Reid* the appellant contended that section 206 of the Labor Code did not invalidate an accord and satisfaction entered into in violation of its terms, but the Supreme Court replied: ''Section 206 is designed to secure to the wage earner prompt payment of all wages concededly due and it expressly precludes an employer's coercing a settlement of disputed claims by offering conditional payment.''

Included in the judgment is an undetermined amount earned by respondent under the 2 percent commission arrangement, terminated at the end of 1956. Appellant argues that the agreement made in late 1956, and under which the parties operated from January 1, 1957, until July 1961, cancelled any sums earned by respondent and unpaid at the beginning of 1957. The record does not support this contention. Respondent testified, in effect, that he reminded Mr. Del Conte of commissions due for work performed prior to 1957 and that, while payment was not refused, no payment was made because Mr. Del Conte said ''I can't pay you because there isn't money in the bank account to make the payment.'' In his testimony Mr. Del Conte admitted that there were commissions due respondent under the 2 percent agreement terminated at the end of 1956, but contended that sums due under that agreement were ''washed out'' by the 50 percent agreement. All that need be said here is that the evidence was in conflict concerning the effect of the 50 percent profit sharing agreement, with appellant contending that such agreement cancelled all sums due under the prior agreement, while respondent asserted that it did not. The trial court resolved this conflict in respondent's favor, and under long settled rules we may not set that finding aside.

Appellant makes the broad contention that the findings of the trial court are not supported by the evidence. We must, of course, uphold the findings if they are supported by substantial evidence. Appellant objects to the finding that the

term "net profits" as used by the parties in their agreement was to ". . . include all wages or salaries drawn by either plaintiff or defendant ANTHONY DEL CONTE, but was not to include wages or salary paid the wife of defendant ANTHONY DEL CONTE. . . ." This finding is supported by respondent's testimony. Also objected to is the finding that, at the time respondent's services were terminated ". . . at least the amount of $6984.98 was concededly due to plaintiff and was not in dispute." This finding is also attacked in that portion of appellant's brief which attempts to uphold an accord and satisfaction. But as we have noted, the finding is drawn from the testimony of Mrs. Del Conte and is supported by respondent's Exhibit 2, prepared by that witness.

Finally appellant objects to the finding that the sum of $6,984.98 was due respondent as wages or commissions, contending that the amount of the check tendered to respondent was the result of a profit splitting arrangement between the parties, and hence not wages or commissions. This argument, if successfully maintained, would tend to support appellant's claim that there was a valid accord and satisfaction entered into and hence the rules announced in *Reid* would be inapplicable. But substantial evidence supports the court's finding that the amount due respondent was due as wages or commissions. The term "net profits" was not specifically defined in the agreement between the parties. Respondent testified that the term included the amounts drawn by both himself and Mr. Del Conte, and that these amounts were based on the current weekly rate of pay for masons. Moreover, respondent's services were performed by him personally and hence were "labor" within the meaning of section 200, subdivision (b), of the Labor Code. Section 200, subdivision (a), of the Labor Code declares that "wages" includes all amounts for labor performed by ". . . time, task, piece, commission basis, or other method of calculation." Thus the evidence supports the trial court's conclusion that respondent's services were labor and gave rise to a claim for wages or commissions under the agreement between the parties.

Judgment affirmed.

Draper, P. J., and Devine, J., concurred.