Filed 6/29/15  Hawthorne v. Italian Fashion by Suzie CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| VERNON HAWTHORNE, | B254211 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS135120) |
| v. | |
| ITALIAN FASHION BY SUZIE, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Deirdre H. Hill, Judge.  Affirmed.

Eric Sapir for Plaintiff and Appellant.

Law Offices of Lee & Park and Sang I. Lee for Defendant and Respondent.

_____

Plaintiff Vernon Hawthorne appeals from a trial court judgment rejecting his Labor Code claims against defendant Italian Fashion by Suzie, Inc. (Italian Fashion). On appeal, Hawthorne argues the trial court erred in concluding a release of claims he signed was enforceable. Hawthorne also contends substantial evidence did not support the trial court finding rejecting his claim that Soror Sinay, Italian Fashion's principal, is the alter ego of Italian Fashion. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Italian Fashion employed Hawthorne. In April 2010, Hawthorne executed a document indicating he released Italian Fashion and other related parties from claims relating to overtime, including claims for wages associated with lunch or breaks. The document identified a $20,000 payment as consideration for the release.

In March 2011, Hawthorne filed a claim with the California Labor Commissioner. Hawthorne alleged that from March 2008 to June 2010, defendants employed him but failed to pay him overtime wages or meal and rest break premiums. Hawthorne contended defendants owed him over $80,000 in unpaid wages, penalties, and interest. Following an evidentiary hearing, the hearing officer found the parties had previously reached a settlement of Hawthorne's wage claims. The hearing officer found the release covered the matters raised in the complaint, and rejected as not credible Hawthorne's contention that he never received the settlement amount of $20,000. The hearing officer concluded the Labor Commissioner's office lacked jurisdiction to proceed because the parties' settlement fully resolved all contested issues.

Hawthorne sought a trial de novo in the superior court. In December 2013, the court held a bench trial on Hawthorne's claims. No reporter's transcript of the proceedings is included in the record on appeal.[1] Trial was bifurcated; the first phase concerned only the validity of the April 2010 settlement agreement, titled "Accord and Satisfaction." In a statement of decision, the trial court found that, pursuant to the written

---

[1] Although the record includes a proposed settled statement, it appears no settled statement was ever finalized or approved. (Cal. Rules of Court, rule 8.137.)

2

agreement, Italian Fashion had paid, and Hawthorne had received, $20,000. As to the release, the court found the parties executed the agreement; a genuine dispute over any sums due Hawthorne existed between the parties; the parties intended to settle all of the claims between them as of the date of the agreement, including claims for overtime wages and meal and rest break penalties; and the release agreement resolved those claims through April 2010.

As to claims for wages earned between April and June 2010, the court found Hawthorne did not work any overtime hours during that period and he received all required meal and rest breaks.

The court also concluded there was insufficient evidence to support a finding that Italian Fashion was the alter ego of Soror Sinay.

## DISCUSSION

**The Trial Court Did Not Err in Concluding the Release Agreement was Enforceable and Barred Hawthorne's Claims**

On appeal, Hawthorne contends the trial court erred in finding the release of claims was enforceable. Hawthorne asserts: 1) the release was unenforceable as a matter of law under Labor Code section 206.5[2] and *Reid v. Overland Machined Products* (1961) 55 Cal.2d 203 (*Reid*); 2) the agreement was void as a matter of public policy; and 3) Italian Fashion never paid Hawthorne $20,000 as required in the agreement, thus it was unenforceable. We reject these arguments.

Hawthorne's contentions raise both legal and factual issues. We review questions of law de novo, including questions of the proper interpretation of a statute. (*In re Clarissa H.* (2003) 105 Cal.App.4th 120, 125.) We review a trial court's factual findings

---

[2]     Labor Code section 206.5, subdivision (a) provides: "An employer shall not require the execution of a release of a claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of those wages has been made. A release required or executed in violation of the provisions of this section shall be null and void as between the employer and the employee. Violation of this section by the employer is a misdemeanor." All further statutory references are to the Labor Code.

3

for substantial evidence. (*SFPP v. Burlington Northern & Santa Fe Ry. Co.* (2004) 121 Cal.App.4th 452, 461-462.) As the reviewing court, we do not reweigh the evidence. We must accept the trial court's credibility determinations. (*Citizens Business Bank v. Gevorgian* (2013) 218 Cal.App.4th 602, 613.) We resolve all conflicts in the evidence in favor of the judgment. (*Burch v. Premier Homes, LLC* (2011) 199 Cal.App.4th 730, 744.)

In addition, we note the record does not include a reporter's transcript. "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters.* To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.] The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992, italics in original.)

### A. Wage-related claims arising under the Labor Code may be settled, so long as there is a bona fide dispute; settlement and release agreements resolving such claims do not violate public policy

As noted above, Hawthorne asserts Labor Code section 206.5 prohibits the settlement and release of wage claims under any circumstances. This argument has been rejected by several courts in this state. For example, in *Chindarah v. Pick Up Stix, Inc.* (2009) 171 Cal.App.4th 796, 799 (*Chindarah*), (the plaintiffs argued a settlement agreement they had executed with the defendant releasing their claims for unpaid overtime, penalties and interest, and other Labor Code violations, was unenforceable. The plaintiffs in *Chindarah* contended the release was void as a matter of law "to the extent it release[d] claims for any wages actually due and unpaid." They claimed " 'wages actually due and unpaid' means wages that are disputed, if they are ultimately found to be owing. In other words, the Plaintiffs claim *any* settlement of a dispute over overtime compensation runs afoul of sections 206.5 and 1194." (*Id.* at p.

4

799.)  Similarly, in this case, Hawthorne contends:  "[A]s a matter of law, and regardless of whether or not wages were actually due, the Accord and Satisfaction is null and void."

In rejecting this argument, the *Chindarah* court considered *Reid* and *Sullivan v. Del Conte Masonry Co.* (1965) 238 Cal.App.2d 630 (*Sullivan*).  *Reid* and *Sullivan* applied the principle that "upon termination of an employee's services, the employer is bound to pay the employee all wages conceded to be due, and can require no condition in connection with payment." (*Sullivan*, at p. 633, citing *Reid.*)  In both cases, the courts rejected purported accord and satisfaction agreements under sections 206 and 206.5 because the agreements concerned wages that were *concededly* due.[3]  Yet the *Chindarah* court explained that the *Reid* and *Sullivan* decisions do not mean an employer and employee may not compromise a " 'bona fide dispute over wages.' " (*Chindarah*, at p. 801.)  Instead, the cases stand for the proposition that " 'such a compromise is binding only if made after wages concededly due have been unconditionally paid.' [Citation.]" (*Ibid*, citing *Sullivan*, at p. 634.)

The *Chindarah* court concluded:  "[T]here is no statute providing that an employee cannot release his claim to past overtime wages as part of a settlement of a bona fide dispute over those wages." (*Chindarah, supra*, at p. 803.)  Because the releases at issue settled a dispute over whether the defendant had violated wage and hour laws in the past, and did not condition the payment of wages concededly due on the execution of the releases, the agreements were enforceable.  The plaintiffs' claims were barred.  (*Ibid.*)  The *Chindarah* court further noted that federal courts applying California law have upheld releases of disputed wage claims, relying on *Reid* and *Sullivan.*  (*Id.* at pp. 801-802.)  And the court rejected the argument that any prohibition against private settlement of claims under the federal Fair Labor Standards Act should be read into California law.  (*Id*. at p. 802.)

---

[3]    Labor Code section 206, subdivision (a) provides:  "In case of a dispute over wages, the employer shall pay, without condition and within the time set by this article, all wages, or parts thereof, conceded by him to be due, leaving to the employee all remedies he might otherwise be entitled to as to any balance claimed."

Subsequent courts have followed this reasoning. In *Watkins v. Wachovia Corp.* (2009) 172 Cal.App.4th 1576 (*Watkins*), the court concluded: "When a bona fide dispute exists, the disputed amounts are not 'due,' and the bona fide dispute can be voluntarily settled with a release and a payment—even if the payment is for an amount less than the total wages claimed by the employee." (*Id.* at p. 1587.) The court then considered whether, in that case, a bona fide dispute existed when the employee signed the challenged release. (*Ibid.*) In *Aleman v. Airtouch Cellular* (2012) 209 Cal.App.4th 556 (*Aleman*), the court rejected an employee's claim that a release of claims she executed was unenforceable under section 206.5. The employee contended the employer failed to pay her certain wages she claimed she was undisputedly owed. But the court concluded there was "no question" the employer disputed the employee's right to the challenged pay. Since the pay at issue was not "undisputedly owed," and the employee received consideration for releasing her disputed claims, the trial court properly found the release effective. (*Aleman, supra*, at p. 578.)

Further, in *Chindarah*, the court specifically rejected the claim that agreements to release wage claims violate California public policy. The court recognized the statutory right to receive overtime pay as embodied in section 1194 is not waivable. (*Chindarah, supra*, at p. 803.) Yet the court explained: "Section 1194 embodies a public policy ' " ' "to spread employment throughout the work force by putting financial pressure on the employer," ' " ' thus ' " 'fostering society's interest in a stable job market,' " ' and to protect workers from employer coercion to forego overtime. (*Gentry v. Superior Court* [2007] 42 Cal.4th [443, 456].) This public policy is not violated by a settlement of a bona fide dispute over wages already earned." (*Chindarah*, at p. 803.)

Hawthorne does not distinguish or even acknowledge *Chindarah*, *Watkins*, and *Aleman*, and we see no basis to depart from this line of authority. We therefore reject Hawthorne's argument that the agreement he signed releasing his claims was invalid as a matter of law. Section 206.5 does not prevent an employer and employee from settling a bona fide dispute over wages due. In this case, the court found there was a genuine dispute over any sums due to Hawthorne. The court cited Sinay's testimony that

6

Hawthorne did not work overtime and received meal and rest breaks, while Hawthorne contended he was due overtime and wages for missed meal and rest breaks. The court also cited Sinay's testimony that she only paid Hawthorne $20,000 to "make him happy so that he would go away," and that there was no money due Hawthorne as of the date of the release. The court essentially found there were no wages "concededly due." Thus, the court did not err in concluding the release was enforceable and prevented Hawthorne from prosecuting the claims covered by the release.

Hawthorne also contends the April 2010 agreement was not enforceable because he never received the $20,000 consideration set forth in the document. The trial court rejected this allegation as not credible. We have no basis to reevaluate that finding of fact. (*Estate of Fain, supra*, 75 Cal.App.4th at p. 992.)

Our conclusion that the trial court did not err in finding the release agreement barred Hawthorne's claims makes it unnecessary for us to consider his argument regarding the alter ego allegations.[4] Even so, we could not review that lack of substantial evidence claim without a record of the proceedings. "[A]n appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain, supra*, 75 Cal.App.4th at p. 992; see also 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 360, pp. 415-416 [no review of sufficiency of the evidence claim "unless an adequate record is brought up"].)

**DISPOSITION**

The trial court judgment is affirmed. Respondent shall recover its costs on appeal.

BIGELOW, P.J.

We concur:

FLIER, J.                    GRIMES, J.

---

[4]     Hawthorne does not challenge the trial court's findings regarding claims not covered by the April 2010 release.

7